# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-50208

Philip Robert Critchley Jr.

Petitioner-Appellant

v.

Rick Thaler, Director, Texas Department of
Criminal Justice, Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before KING, DAVIS and BENAVIDES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

State prisoner Phillip Robert Critchley, Jr. appeals the denial of his 28 U.S.C. § 2254 petition as untimely. This court granted Critchley a certificate of appealability to determine whether he was entitled to relief under 28 U.S.C. § 2244(d)(1)(B), which tolls the AEDPA limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." We conclude that the Hays County District Clerk's office's apparent practice of mishandling prisoner filings constitutes a state impediment under 28 U.S.C. § 2244(d)(1)(B) which tolled the

AEDPA limitations period applicable to Critchley. Accordingly, his § 2254 petition was timely and we reverse.

I.

In November 2000, Phillip Robert Critchley, Jr., Texas prisoner # 1021494, was convicted in Texas state court of sexual assault and sentenced to 20 years in prison. In March 2006, Critchley filed a 28 U.S.C. § 2254 petition in the district court wherein he raised numerous claims, including ineffective assistance, insufficient evidence, double jeopardy, and prosecutorial misconduct.

At the same time he filed his § 2254 petition, Critchley filed an "amended motion" for leave to proceed under § 2254 in which he asserted that his § 2254 petition was not untimely because the State had interfered with his attempts to file a state habeas application. Critchley asserted that he initially mailed his state habeas application on July 18, 2003, but that the application was not filed in the Hays County District Clerk's office.[1] Critchley also asserted that he attempted to refile the application on February 20, 2004. After being notified by letter dated July 7, 2004 that neither application was on file with the Hays County District Court, he submitted an amended application that was received in December 2004, but not filed by Hays County until April 2005. Critchley asserted that because the State had interfered with his attempts to file his state habeas application, he was entitled to either equitable tolling or statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

The magistrate judge issued a report recommending that Critchley's petition be denied as untimely. The magistrate judge gave Critchley "the benefit of the doubt" on his assertion that he mailed a state habeas application in July 2003, and determined that it was "entirely possible" that Critchley had mailed

---

[1] The statute of limitations began running in September 2002, when Critchley's conviction became final, and it expired one year later in September 2003. The July 2003 application was the only filing made within the one-year period.

the application. The record contains evidence that Critchley submitted packages to the prison mailroom for mailing to the District Clerk that were actually mailed on July 19, 2003 and February 20, 2004. The magistrate judge noted that he had presided over "several other cases in which state habeas petitioners have similarly had their pleadings not filed by the Hays County District Clerk." The magistrate judge stated further that it was not clear "if the Hays County District Clerk simply discards state prisoners' mail, ignores it, loses it, or is so disorganized that filings are lost before they reach the file. Whatever the case, because of its experience with the Hays County District Clerk's office from other cases, the Court finds it entirely possible that Petitioner did in fact mail two separate applications for habeas relief, neither of which were filed by the clerk."

The magistrate judge determined that Critchley was not entitled to equitable tolling, however, because he had shown a lack of diligence in pursuing relief based on the amount of time that passed between his attempted filings. This ruling was based on the fact that Critchley received notice by letter dated July 7, 2004 that his state habeas petition had not been filed with the state court. His next attempt to file did not occur until December 3, 2004. The magistrate judge did not address whether Critchley was entitled to statutory tolling under § 2244(d)(1)(B).

Critchley filed objections to the report and recommendation wherein he again argued that he was entitled to tolling under § 2244(d)(1)(B). Critchley also argued that either his prison unit mailroom had not sent the applications, or the Hays County District Clerk had not filed them, but that in either case, the State had created an impediment that prevented him from filing his state application, citing *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003).

The district court overruled Critchley's objections and denied the petition as untimely. The court made note of the magistrate judge's statement that it was "entirely possible" that the Hays County District Clerk's Office failed to file

Critchley's first two habeas applications. The court determined, however, that such did not excuse Critchley's failure to diligently pursue his claims and that, therefore, the magistrate judge correctly rejected Critchley's claim for equitable tolling. Like the magistrate judge, the district court did not, however, address Critchley's argument that he was entitled to statutory tolling under § 2244(d)(1)(B).

Following the denial of certificate of appealability (COA) by the district court, Critchley moved for a COA in this court. We granted a COA solely "on the issue whether Critchley was entitled to relief under § 2244(d)(1)(B)."

II.

The AEDPA established a one-year statute of limitations for federal habeas proceedings. 28 U.S.C. §2244(d)(1). The limitations period usually begins to run when the state court judgment become final after direct appeal, or the time for seeking such review expires. *Id.* § 2244(d)(1)(A). Under § 2244(d)(1)(B), the commencement of one-year limitation period is delayed until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.* § 2244(d)(1)(B). The Respondent argues that this provision does not apply to Critchley because it requires that the state-created impediment prevent the filing of a federal, as opposed to state, habeas application. Although that position is arguably supported by the language of the statute, we have never so held. In fact in *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), our discussion of § 2244(d)(1)(B) recognized the interrelationship between the filing of federal and state habeas petitions. Egerton argued that he was prevented by the inadequacy of the state prison library from seeking all post-conviction review of his state conviction, including a direct appeal, post-conviction relief in state court and a federal habeas petition. We agreed that the inadequate library at

the facility in which he was incarcerated, which did not include copies of AEDPA, was a state-created impediment thereby tolling the AEDPA limitations period because those federal rules provide the basic procedural rules a prisoner must follow at all stages of the post-conviction process in order to avoid having his federal habeas petition summarily thrown out of court. Although AEDPA sets the rules for federal habeas petitions, success under those rules is dependent upon first making a timely and sufficient state petition. Under AEDPA, a timely filed state petition tolls the limitations period for filing a federal habeas petition and the contents of the state petition affect the claims that may be brought to the federal court.

As applied to this case, giving Critchley the benefit of the doubt as well as reasonable inferences from the record and the magistrate judge's findings, Critchley attempted to file his state petition in July 2003, with 68 days remaining in the one year AEDPA limitations period.[2] The state court's failure to process that application and others filed by Critchley, coupled with its apparent failure to process petitions filed by other prisoners constitutes a state-created impediment under § 2244(d)(1)(B). That impediment tolled the AEDPA limitations period at least until April 4, 2005, when the Hays County Clerk finally filed Critchley's state habeas petition. Under 28 U.S.C. § 2244(d)(2), the state petition then tolled the AEDPA limitations period during its pendency. After Critchley was finally successful in getting the state court to accept and hear his third petition, he filed his federal habeas petition within 68 days after the state court decision. His federal petition was therefore timely.

---

[2] Although Critchley argues that under the "mailbox rule" his petition should be deemed filed when delivered for mailing to prison officials, this circuit declined to extend the mailbox rule to the determination of filing dates for state habeas applications. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

The Respondent also argues that Critchley could have avoided the inability to exhaust state remedies by the filing of a protective federal habeas petition, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The Respondent does not explain, however, how Critchley could have known to file such a petition until he became aware that his state application had not been filed and thus did not toll the limitations period.

## III.

The district court also rejected Critchley's petition based on its conclusion that any failure by the Hays County District Clerk's office did not excuse Critchley's failure to diligently pursue his claims after he was informed in July 2004 that his prior attempts to file state petitions were unsuccessful. The district court concluded that Critchley was not entitled to equitable tolling because Critchley's next attempted filing was not mailed December 3, 2004. This analysis ignores statutory tolling under § 2244(d)(1)(B), as well as the Hays County clerk's inexplicable failure to file the petition it received on December 3, 2004 until April 4, 2005. The lengthy delay between the clerk's receipt of Critchley's petition and its filing indicate that the state-created impediment was not alleviated at that point. If Critchley's initial July 2003 petition had not been ignored by Hays County, that timely petition would have tolled the federal limitations period and further diligence by Critchley would not have been necessary. Because of our conclusion that a state created impediment existed which tolled the AEDPA limitations period, Critchley's federal habeas petition was timely and equitable tolling has no applicable to this case.[3]

---

[3] This court has held that when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation. *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009). This case involves the more egregious failure by the state to file the petitioner's state habeas petition.

6

IV.

Under the unique circumstances of this case, we conclude that the failure of the Hays County Clerks Office to timely file Critchley's and other prisoners' petitions for state post-conviction relief qualifies as a state-created impediment under § 2244(d)(1)(B). That impediment tolled the AEDPA limitations period while it existed. Accordingly, we reverse the judgment of the district court that Critchley's federal petition was untimely and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.