# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2012

No. 10-10701

Lyle W. Cayce
Clerk

CALVIN ERVIN MCNAC,

Petitioner–Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1837

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Calvin Ervin McNac, Texas prisoner # 1240121, proceeding pro se, appeals
the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. We
granted a certificate of appealability on the issue of whether the Dallas County
District Court clerk's office's failure to process McNac's state postconviction
application constituted a state-created impediment entitling McNac to statutory
tolling under 28 U.S.C. § 2244(d)(1)(B). For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10701

## I. FACTUAL AND PROCEDURAL BACKGROUND

Calvin Ervin McNac ("McNac") was convicted of sexual assault of a child and sentenced to twenty years of imprisonment. *McNac v. State*, 215 S.W.3d 420, 422-23 (Tex. Crim. App. 2007). The Texas Court of Criminal Appeals ("TCCA") affirmed his conviction on February 14, 2007. *Id.* at 420. McNac did not file a petition for writ of certiorari with the United States Supreme Court. Thereafter, McNac sought state postconviction relief. On January 8, 2008, the Dallas County District Court clerk's office filed McNac's state postconviction application. The TCCA denied his state postconviction application without written order on May 20, 2009.

On September 28, 2009, McNac filed a 28 U.S.C. § 2254 habeas petition in federal district court, raising seven grounds for relief. Rick Thaler ("Thaler"), Director of the Texas Department of Criminal Justice, answered that McNac's federal habeas petition was time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). McNac objected to Thaler's time-bar defense, disputing the date on which his state postconviction application was filed. McNac alleged that he mailed his application to the state court on September 6, 2007, and that the court received the application on September 10, 2007, as evidenced by the certified mail return receipt or "green card." McNac asserted that the clerk's office "sat on" his application for four months, before finally filing it on January 8, 2008. McNac argued that he diligently pursued habeas relief because on October 29, 2007, he sent a letter to the clerk's office inquiring about the status of his state postconviction application, and on November 19, 2007, he sent a second letter to the clerk's office informing the court that he was requesting mandamus relief from the TCCA.

The magistrate judge issued a report recommending that McNac's federal habeas petition be dismissed as time-barred. The magistrate judge found that

No. 10-10701

McNac's conviction became final on May 15, 2007, the last day on which McNac could have petitioned the Supreme Court for a writ of certiorari from the TCCA's judgment affirming his conviction. The magistrate judge determined that the one-year limitations period began to run on May 16, 2007, and that 237 days of the one-year limitations period had elapsed as of January 8, 2008, the date on which the clerk filed McNac's state postconviction application. The magistrate judge found that the limitations period was tolled while his state postconviction application remained pending, or until its denial on May 20, 2009. The magistrate judge determined that the one-year period resumed on May 21, 2009, and expired 128 days later on September 25, 2009. Because McNac did not file his federal habeas petition until September 28, 2009, the magistrate judge concluded that McNac's § 2254 petition was time-barred.

In a footnote, the magistrate judge stated that "McNac has alleged no state[-]created impediment that prevented him from timely raising his claims under 2244(d)(1)(B)." The magistrate judge determined that the "almost four-month delay in filing [McNac's state postconviction] application does not suffice, in and of itself, to raise a state-created impediment." The magistrate judge cited to *Critchley v. Thaler*, 586 F.3d 318, 320-21 (5th Cir. 2009), where this court concluded that the state court clerk's failure to timely file a prisoner's state postconviction application, *coupled* with the clerk's mishandling of other prisoners' state postconviction applications, constituted a state-created impediment. The magistrate judge also concluded that McNac was not entitled to equitable tolling of the AEDPA limitations period because McNac did not establish that he exercised due diligence in pursuing his rights. The magistrate judge explained that McNac was aware that his state postconviction application was filed on January 8, 2008, and that therefore he "knew or should have known that he only had 128 days of the one-year period to act once the state habeas proceedings concluded." The magistrate judge stated that McNac instead

No. 10-10701

"waited 131 days following the denial of his state writ before mailing his federal petition" and "provide[d] no explanation for the 131-day delay." McNac objected to the magistrate judge's report and recommendation.

The district court issued an order that adopted the findings, conclusions, and recommendation of the magistrate judge and denied McNac a certificate of appealability ("COA"). McNac filed a timely notice of appeal and moved in this court for a COA. This court granted McNac a COA on the procedural issue of whether the Dallas County District Court clerk's office's failure to timely process McNac's state postconviction application constituted a state-created impediment entitling McNac to statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

## II. DISCUSSION

We review de novo a district court's dismissal of a habeas application as time-barred under AEDPA. *See Krause v. Thaler*, 637 F.3d 558, 560 (5th Cir. 2011) (citation omitted). AEDPA establishes a one-year statute of limitations for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period usually begins to run when the state court judgment becomes final after direct appeal, or when the time for seeking such review expires. § 2244(d)(1)(A). Under § 2244(d)(1)(B), however, the limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B). We have stated that "[i]n order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

In the instant case, McNac contends that the Dallas County District Court clerk's office received his application on September 10, 2007, but then

4

maliciously "sat on" his application for four months before filing it on January 8, 2008.[1]  Citing *Critchley v. Thaler*, 586 F.3d 318, 320-21 (5th Cir. 2009), McNac argues that the clerk's office's failure to timely process his application, "coupled with [its] apparent failure to process petitions filed by other prisoners[,] constituted a state-created impediment under 28 U.S.C.§ 2244(d)(1)(B)."  He asserts, therefore, that the AEDPA limitations period should be tolled from September 10, 2007, until January 8, 2008, the duration of the state-created impediment.  If the limitations period were tolled for this four-month period, McNac's federal habeas petition would be timely.

Thaler argues on appeal that McNac has failed to establish that the packages that the certified mail return receipt indicates were received by the clerk's office on September 10, 2007, contained McNac's state postconviction application.  Thaler next contends that, even if McNac has established that the clerk's office received his application on September 10, 2007, *Critchley* is inapplicable to McNac's case.  Thaler states that *Critchley* was a "unique" case, where this court held that there was a state-created impediment based on record evidence that the clerk's office not only failed to process Critchley's application, but also routinely failed to process applications by other prisoners.  *See Critchley*, 586 F.3d at 320.  Thaler asserts that "McNac has provided no proof,

---

[1] McNac has filed two motions to supplement the record on appeal with documents pertaining to his timeliness claim.  For instance, in his August 12, 2011 motion and in his November 25, 2011 motion, McNac has attached the "green card," or the certified mail return receipt that indicates that the clerk's office received his state postconviction application on September 10, 2007.  Because this evidence was considered by the district court, we grant McNac's motions to supplement the record on appeal with respect to this evidence.  However, in his November 25, 2011 motion, McNac has attached a letter dated February 16, 2011, that he sent to the clerk's office "seeking confirmation of delivery of service" of his state postconviction application sent on September 6, 2007, and of two supplements sent on February 10, 2008, and on April 7, 2008.  Because this evidence was not presented to the district court, we deny McNac's November 25, 2011 motion to supplement the record on appeal with respect to this evidence.  *See McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008) ("As a general rule, this court will not enlarge the record on appeal with evidence not before the district court.") (citation and internal quotation marks omitted).

save his own self-serving allegations, that Dallas County has a similar practice of routinely failing to process prisoner filings." Furthermore, Thaler argues that McNac has failed to demonstrate that the clerk's office's delay in filing his application prevented him from timely filing his federal habeas petition.

In this case, construing the record evidence and inferences therefrom in favor of McNac, we determine that the clerk's office received McNac's state postconviction application on September 10, 2007, but did not file it until January 8, 2008.  *See Critchley*, 586 F.3d at 320 (stating that the court gave "Critchley the benefit of the doubt as well as reasonable inferences from the record").  However, despite the clerk's office's four-month delay in processing McNac's application, we conclude that McNac has not demonstrated that he is entitled to statutory tolling under § 2244(d)(1)(B).  McNac cites to *Critchley* to support his argument that he is entitled to statutory tolling, yet his case is distinguishable from *Critchley* on two main grounds.

First, McNac has failed to demonstrate that the clerk's office's delay in filing his application rises to the level of a constitutional deprivation of due process as in *Critchley*.  *See Egerton*, 334 F.3d at 436.  In *Critchley*, we held that the "state court's failure to process [Critchley's] application and others filed by Critchley, *coupled with* its apparent failure to process petitions filed by other prisoners constitutes a state-created impediment under § 2244(d)(1)(B)."  586 F.3d at 320 (emphasis added).  Thus, the record evidence in *Critchley* that the Hays County District Court clerk's office had an "apparent practice of mishandling prisoner filings" was crucial to its holding that there was a constitutional deprivation of due process and a state-created impediment.  *Id.* at 319.  In the instant case, however, McNac has failed to present any evidence that the Dallas County District Court clerk's office routinely fails to file

prisoners' applications.[2] *See Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010) (stating that *Critchley* "involved a complete absence of due process in the form of the repeated failure of a district clerk to comply with a ministerial duty to file").

Second, McNac has not demonstrated that the clerk's office's delay in filing his state postconviction application *prevented* him from timely filing his federal habeas petition. *See Egerton*, 334 F.3d at 436. In *Critchley*, the prisoner attempted to file his state postconviction application in the Hays County District Court clerk's office in July 2003, with the AEDPA limitations period expiring in September 2003. 586 F.3d at 319. However, the clerk's office failed to process that application, as well as his second application, until the clerk's office finally filed his third application in April 2005. *Id.* The clerk's office's failure to file Critchley's state postconviction application *within* the one-year statute of limitations caused the AEDPA limitations period to expire. *Id.* at 319-20. Thus, the Hays County District Court clerk's office directly prevented Critchley from filing a timely federal habeas petition.

In contrast, in the instant case, the Dallas County District Court clerk's office filed McNac's application within the one-year statute of limitations period. McNac learned that his state postconviction application was filed late on January 8, 2008, and McNac had approximately four months (128 days) after that application was denied in which to file a timely § 2254 petition. However, McNac waited 131 days to file his federal habeas petition. Thus, unlike in *Critchley*, the clerk's office's delay in filing McNac's application did not prevent

---

[2] McNac cites to several cases to support his argument that the Dallas County District Court clerk's office routinely mishandles prisoner filings. However, these cases are not on point, as they do not demonstrate that the clerk's office fails to file prisoners' applications. *See Gibson v. Dallas Cnty. Dist. Clerk*, 275 S.W.3d 491 (Tex. Crim. App. 2009); *Martin v. Hamlin*, 25 S.W.3d 718 (Tex. Crim. App. 2000); *McCree v. Hampton*, 824 S.W.2d 578 (Tex. Crim. App. 1992).

McNac from timely filing a federal habeas petition. *Cf. Krause*, 637 F.3d at 561 (stating that to be entitled to statutory tolling under § 2244(d)(1)(B), the prisoner must "show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition) (emphasis in original); *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (holding that the prisoner was not entitled to statutory tolling under § 2244(d)(1)(B) because the prisoner "had the power to blunt the effect of any state-created impediment," and that the "impediment did not 'prevent' him from the timely filing of an application for habeas relief"). Based on the above analysis, we conclude that McNac is not entitled to § 2244(d)(1)(B) tolling, and we uphold the district court's procedural determination.

McNac has also filed a motion to expand this court's COA grant to include several other issues on appeal. In this motion, McNac argues that he is entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2). Because McNac has "explicitly requested" that this court review this uncertified issue, we will consider whether to expand the scope of the COA grant. *See United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). We may certify new COA issues only if the ordinary COA requirements are met. *Id.* In order to obtain a COA on this procedural ground, McNac must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Section 2244(d)(2) provides that the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). McNac contends that his state postconviction application was "properly filed" when it was received by the

No. 10-10701

Dallas County District Court clerk's office on September 10, 2007, as evidenced by the certified mail return receipt. Thus, McNac argues that the limitations period was tolled from September 10, 2007 until May 20, 2009 (when the TCCA denied his application), thus making his federal habeas petition timely.

The Supreme Court has stated that an "application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see id.* ("A paper is filed when it is delivered to the proper official and *by him received and filed.*") (emphasis added) (citation and internal quotation marks omitted). The Court stated that "an application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (emphasis in original). McNac has provided no support for his position that the delivery, alone, of a state postconviction application to the clerk's office renders that application "filed" within the meaning of § 2244(d)(2). Indeed, the language of *Artuz* itself indicates that the mere delivery of an application is not sufficient for filing; instead, the appropriate court officer must receive the application and file it. *Id.* Because reasonable jurists would not find this issue debatable, we deny McNac's motion to expand the COA grant on this issue. *See Slack*, 529 U.S. at 484.

McNac has also moved to expand the COA grant to include the seven constitutional claims raised in his federal habeas petition. Given our determination that McNac's federal habeas petition is time-barred, we deny his request to expand the COA grant to include these constitutional claims.[3]

---

[3] McNac also argues in his appellate brief that (1) the state trial court created an impediment by violating Texas Code of Criminal Procedure article 11.07 by failing to timely provide the TCCA with his state habeas application and that (2) he is entitled equitable tolling. Neither the district court nor this court granted a COA on either of these issues. As McNac did not expressly move to expand the COA grant to include these issues, we do not consider them. *See Kimler*, 150 F.3d at 431.

No. 10-10701

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment dismissing McNac's habeas petition as time-barred. We DENY McNac's motion to expand the COA grant. We GRANT McNac's August 12, 2011 motion to supplement the record on appeal, and we GRANT in part and DENY in part McNac's November 25, 2011 motion to supplement the record on appeal.