**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2013

Lyle W. Cayce
Clerk

No. 11-10690

CHARLES EDWARD MADDEN,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeals from the United States District Court
for the Northern District of Texas
3:10-CV-1461

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Texas state inmate Charles Edward Madden appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. §§ 1291 and 2253. Upon the conclusion of Madden's direct criminal proceedings, the state appellate court delayed more than eighteen months before issuing the mandate, which prevented Madden from properly filing a state habeas petition and exhausting his state remedies. This appeal presents two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10690

questions: (1) whether this delay was a state-created impediment to Madden's filing a § 2254 petition, requiring a later starting date for the one-year limitations period; and (2) whether this delay warrants equitable tolling of the limitations period. For the reasons that follow, we find that this delay neither constituted a state-created impediment, nor warranted equitable tolling. Accordingly, we affirm the district court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

Charles Edward Madden, Texas prisoner # 1378410, was convicted by a jury of possession with intent to deliver four grams or more, but less than 200 grams, of methamphetamine. The trial court found that Madden had two prior felony convictions and sentenced him to serve an enhanced sentence of sixty years in prison. On direct appeal, Madden asserted that the district court erred in denying his motion to suppress and in admitting evidence obtained during a traffic stop, but the Court of Appeals for the Fifth District of Texas ("state appellate court") affirmed the conviction, issuing the mandate in January 2007.

On October 12, 2007, Madden filed his first state habeas application, which sought leave to file an out-of-time petition for discretionary review ("PDR"). The Texas Court of Criminal Appeals ("TCCA") granted Madden's application so that he could file a PDR, thereby reopening direct criminal proceedings. Madden filed the PDR on June 2, 2008. On August 20, 2008, the TCCA refused the PDR, but the state appellate court did not issue the mandate.

On September 18, 2008, Madden filed a second state habeas application. The TCCA dismissed this application on October 8, 2008, having determined that Madden's direct appeal was pending because the state appellate court had not issued the mandate following the TCCA's refusal of the PDR.

Madden moved to compel the state appellate court to issue the mandate, and on January 13, 2010, filed his third state application. The state appellate court denied Madden's motion to compel, but on March 10, 2010, it issued the

mandate with respect to the refusal of his PDR. On July 15, 2010, while his third state application was pending, Madden filed the instant § 2254 petition.

Madden's § 2254 petition raises the claims alleged in his third state application, including ineffective assistance of counsel and challenges to the jurisdiction of the trial court, the legality of the search and seizure, and the jury instructions. Additionally, Madden requested a stay of the federal petition pending the resolution of his state habeas proceedings. Madden noted that the state appellate court had not issued the mandate after the reopening of his direct criminal proceedings, and that he could not properly file his state application until the mandate issued.

The magistrate judge issued a report recommending that the § 2254 petition be dismissed as untimely. The report found that the state appellate court's delay in issuing the mandate did not affect the finality of Madden's conviction for the purpose of determining when the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") began to run. The report also noted that, under § 2244(d)(1)(A), Madden's conviction became final ninety days after the refusal of his PDR, on November 18, 2008, because he did not file a petition for writ of certiorari. Accordingly, the report concluded that Madden's limitations period ran until November 18, 2009, about eight months before he filed his § 2254 petition.

The magistrate judge also found that, under § 2244(d)(1)(B), the delay in issuing the mandate was not a state-created impediment to filing a federal petition requiring a later starting date for the limitations period. Noting that state-created impediments must *prevent* an applicant from filing a federal petition, the report stated that Madden knew about the bar to filing a state application and could have filed a protective § 2254 petition and sought a stay while he exhausted his state remedies. The magistrate judge concluded that because the delay did not prevent Madden from filing a protective federal

petition, Madden did not show that the delay was a state-created impediment requiring that the limitations period start to run from a later date.

Finally, the magistrate judge found that Madden was not entitled to equitable tolling. The report noted that Madden faced "a dilemma between (1) waiting for a mandate to file a state habeas application, and (2) exhausting his claims in state court before the one-year limitations period expired." However, the report further noted that Madden should have known that the mandate issuance date did not affect the finality of his conviction for purposes of AEDPA tolling, and that Madden should have filed a protective § 2254 petition and sought a stay despite his inability to file a state application properly. The report also concluded that Madden did not show diligence by focusing "on the state habeas process, seeking to compel issuance of a new mandate and assistance in filing a new state application." According to the report, though these actions may have been appropriate at first, at some point Madden should have elected to file a protective § 2254 petition.

Madden objected to the report, asserting that the state's actions with respect to the mandate had led him to believe that his direct appeal was still pending and that the one-year limitations period would not run. The district court overruled the objections, adopted the magistrate judge's report, and dismissed Madden's § 2254 petition as untimely. Accordingly, the district court denied Madden's motion for a stay and abeyance of his case and his request for appointment of counsel. The district court also denied Madden a certificate of appealability ("COA") but granted him leave to proceed in forma pauperis.

Madden timely appealed.[1] We granted a COA on two issues: (1) whether Madden has demonstrated that the nearly nineteen-month delay in the state appellate court's issuance of the mandate after its ruling on the PDR was a

---

[1] More precisely, Madden timely filed a motion for an extension of time to file a notice of appeal. This was construed as a notice of appeal and forwarded to the district court.

No. 11-10690

state-created impediment; and (2) whether equitable tolling is appropriate, that is, whether Madden has shown the requisite extraordinary circumstances and whether his conduct in the state court constituted the requisite due diligence.

## II. STANDARD OF REVIEW

The dismissal of a § 2254 petition as untimely is reviewed de novo. *Krause v. Thaler*, 637 F.3d 558, 560 (5th Cir. 2011).

## III. DISCUSSION

### A.    Statute of Limitations

AEDPA establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). In this case, the one-year period is calculated from the latest of (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; or (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.* § 2244(d)(1)(A)-(B).

*1.    Date Judgment Became Final*

Madden did not file a petition for writ of certiorari after the August 20, 2008 refusal of his out-of-time PDR. Thus, under § 2244(d)(1)(A), his conviction became final ninety days later, on November 18, 2008. *See* Sup. Ct. R. 13.1; *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (holding that a conviction is not "final" until resolution of an out-of-time direct appeal); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (stating that if a habeas petitioner has pursued direct relief through the state's highest court, his conviction becomes final when the ninety-day period for filing an application for writ of certiorari with the Supreme Court expires). Contrary to Madden's assertion, the mandate date does not determine the finality of his conviction for purposes of § 2244(d)(1)(A). *See Roberts*, 319 F.3d at 694-95 (mandate date inapplicable in determining finality

of conviction for purposes of one-year period). Because Madden's § 2254 habeas petition was filed on July 15, 2010, more than one year after the limitations period began to run, it is facially untimely.[2]

Madden's federal petition would have been subject to statutory tolling if he had a properly filed state habeas petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, we find that statutory tolling does not apply because none of his state petitions was pending during the limitations period. Madden filed his September 2008 petition before the one-year period began to run,[3] and his January 2010 petition after it had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application filed after federal limitations period expired does not toll limitations period). Madden's federal habeas petition, filed approximately eight months after the one-year limitations period elapsed, is therefore untimely absent a state-created impediment or equitable tolling.

### 2.　*State-created Impediment*

Madden contends that the delay in the issuance of the mandate was a state-created impediment requiring a later starting date for the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). To establish a state-created

---

[2] Madden contends that his PDR became final on September 12, 2008, which was the "final disposition" as indicated on the TCCA docket sheet. We disagree. An individual who elects to petition for a writ of certiorari must do so within ninety days after a judgment is entered by the state's highest court. Judgment in Madden's case was entered on August 20, 2008, so the November 2008 date is the proper starting point for the limitations period. *See* Sup. Ct. R. 13. Given that the one-year limitations period began to run from November 2008, Madden's petition, which was mailed on December 7, 2009, was untimely. *See Richards v. Thaler*, No. 11-20803, 2013 WL 809246, at *3-5 (5th Cir. Mar. 5, 2013) (holding that under Texas law the pleadings of *pro se* inmates are considered filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court (citing *Campbell v. State*, 320 S.W.3d 338, 343-44 (Tex. Crim. App. 2010))).

[3] In addition, Madden's September 2008 petition was not "properly filed" because he submitted it before the mandate issued. *See Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2004) (citing *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)) (finding that, under Texas law, a conviction is not final until the appellate court issues its mandate).

impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). That is, Madden must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id.* at 436-37; *see also Krause*, 637 F.3d at 560-61 (holding that a petitioner "must also show that the [impediment] actually *prevented* him from timely filing his habeas petition") (emphasis in original). We find that he has not made the requisite showing.

The state's failure to issue the mandate erected a jurisdictional bar to Madden's filing a state application, *see Larry*, 361 F.3d at 894-95, but did not prevent him from filing a timely protective federal petition and seeking a stay of the one-year limitations period, *see Gonzalez v. Thaler*, 132 S. Ct. 641, 655-56 (2012) (stating that a petitioner facing a lengthy delay in the issuance of a mandate could file a protective federal petition and seek a stay); *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (addressing when a prisoner should file a protective petition to prevent the limitations period from running); *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (addressing the district court's discretion to abate or stay federal habeas actions pending resolution of state habeas proceedings). Aware that the limitations period was running, and that he could not file a state application due to the absence of a new mandate, Madden could have filed a protective federal habeas petition with a motion to stay. *Cf. Williams v. Thaler*, 400 Fed. Appx. 886, 892 n.8 (5th Cir. 2010) (unpublished) (per curiam) (petitioner had no reason to file protective federal petition because he continued to receive letters from the TCCA assuring him that his state application was pending); *Critchley v. Thaler*, 586 F.3d 318, 321 (5th Cir. 2009) (finding that petitioner could not have known to file a protective petition until he became aware that his state petition had not been filed). Madden's eventual filing of a

protective federal petition and motion to stay—the latter of which cited both *Pace* and *Rhine*—suggests that he was aware of this prophylactic option.

In *Critchley*, the state's failure to file petitioner Critchley's state habeas petitions constituted a state-created impediment under § 2244(d)(1)(B). *Id.* at 320. Noting the relationship between the filing of federal and state habeas petitions, we held that the state court's failure to file Critchley's state habeas petitions prevented him from filing a federal petition. *Id.* at 320-21. The respondent in *Critchley* acknowledged that a federal petition will fail if the petitioner does not first exhaust his claims in state court, but argued that Critchley could have filed a protective habeas petition and sought a stay prior to exhausting his state claims. *Id.* at 320. Contrary to the respondent, we found that Critchley could not have "known to file [a protective] petition until he became aware that his state application had not been filed." *Id.* at 321. Through his correspondence with various state courts, Madden knew of the continuing impediment to filing his state application. In this important respect, Madden's case is distinguishable from Critchley's. *See id.*

Moreover, this case is distinguishable from *Egerton*, where the petitioner was unaware of the one-year limitations period and had no access to legal materials until after the limitations period had expired. 334 F.3d at 438-39 (holding that the inadequacy of the prison library, which did not include copies of AEDPA, was a state-created impediment under § 2244(d)(1)(B)). As discussed, Madden knew of the limitations period and the ongoing delay. He appears to have incorrectly assumed either that, absent the reissuance of a mandate, he could not file a federal habeas petition, or that the issuance of a new mandate would establish the date of his conviction. Neither of these mistakes entitles Madden to relief. First, in 2003, we held that a state conviction becomes final when the time for seeking direct review expires, regardless of when the court of appeals issues its mandate. *See Roberts*, 319 F.3d at 694-95. Second, while

Madden may have incorrectly assumed that he was unable to file a protective habeas petition, he was not prevented by the state from doing so, and his ignorance of the law is not equivalent to a state-created impediment.

Given his inability to exhaust state remedies, Madden could have filed a protective § 2254 petition and concurrently requested a stay. As Madden has failed to show that he was actually "prevented" from filing a timely federal petition, he has not shown that the state set forth an impediment preventing him from filing a timely § 2254 petition. *See Krause*, 637 F.3d at 560-62.

## B.    Equitable Tolling

AEDPA's one-year limitations period is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotation marks and citation omitted). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted), *abrogated on other grounds by Richards*, 2013 WL 809246, at *3-5; *see also Holland*, 130 S. Ct. at 2562 (requiring a showing of extraordinary circumstances preventing the timely filing of a federal petition). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quotation marks and citation omitted).

Adopting the magistrate judge's recommendation, the district court held that equitable tolling did not apply. For the reasons below, we agree.

No. 11-10690

*1.    Misled or Prevented*

Madden argues that he was misled by the dismissal of his second habeas petition on the grounds of a pending appeal, as he believed that the one-year limitations period had not yet begun to run. This contention is without merit. Madden received notice in late September or early October 2008 that his state habeas application could not be accepted because the mandate had not issued. At the time, the law in this circuit was clear that the mandate date was not relevant for determining when a conviction became final for § 2244(d)(1)(A) purposes. *See Roberts*, 319 F.3d at 694-95. Indeed, Madden's communications with the state court reflect that he was aware that the one-year limitations period had begun to run, as he requested that the state appellate court issue the mandate so that he could file a state petition before the time to file a federal petition had elapsed. His apparent confusion regarding the permissibility of filing a federal habeas petition prior to exhausting his state remedies does not excuse his untimely filing and does not entitle him to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

Nor was Madden prevented in an extraordinary way from asserting his rights. The magistrate judge stated that Madden was faced with the "dilemma" of either waiting for a mandate or exhausting his state remedies. Yet Madden could have resolved this false dilemma by filing a protective federal petition while concurrently seeking a stay. We acknowledge that the delay itself was unusual, not only in light of Texas Rules of Appellate Procedure 18.1, which provides for the prompt issuance of mandates, but also in light of *Gonzalez*, where the Supreme Court noted that a delay greater than one year would be rare, 132 S. Ct. at 655. However, Madden's inability to compel the issuance of the mandate does not mean that he was prevented from filing a federal petition. While Madden may have been confused about when the limitations period commenced, neither his *pro se* status nor his unfamiliarity with the law suffices

10

No. 11-10690

as a basis for equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"). Because Madden could have elected to file a protective federal petition and request a stay, we hold that he was not prevented from asserting his rights, and that equitable tolling does not apply.

2.    *Diligence*

The record indicates that Madden's efforts in seeking issuance of the mandate were somewhat diligent. And "[t]he diligence required for equitable tolling purposes is reasonable diligence."  *Holland*, 130 S. Ct. at 2565 (internal quotation marks and citations omitted). However, we need not decide whether Madden's actions met the diligence threshold, or whether a prisoner must file a protective petition to establish that he was acting with the requisite diligence, because Madden was not prevented from timely filing his federal petition. *See Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007) (declining to decide whether filing a protective petition is necessary to show due diligence), *abrogated in part on other grounds by Richards*, 2013 WL 809246, at *3-5. Given that Madden should have filed a protective federal petition, his diligent communications regarding issuance of the state mandate alone do not entitle him to equitable tolling.[4]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[4] In *Hardy v. Quarterman* we held that a prisoner's repeated inquiries as to the status of his state court proceedings may justify equitable tolling. 577 F.3d 596, 598-99 (5th Cir. 2009) (discussing a prisoner's diligence in seeking information on the exhaustion of state remedies). However, the facts in *Hardy* are similar to those in *Critchley*, insofar as the TCCA failed to notify the petitioner in *Hardy* of its denial of his state habeas petition for almost a year, and thereby prevented the petitioner from learning that his limitations period was not being tolled. *Id.*