# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2013

No. 13-30255
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM TROY MANNING,

Petitioner-Appellant

v.

JOHNNY SUMLIN, Warden, Claiborne Parish Detention Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-2753

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Troy Manning, Louisiana prisoner # 508888, has appealed the dismissal of his application for a writ of habeas corpus challenging his 2008 convictions of aggravated burglary and attempted aggravated rape. *See State v. Manning*, 15 So. 3d 1204, 1218 (La. App. 2009). The district court determined that the habeas application is time barred. *See* 28 U.S.C. § 2244(d)(1).

Manning contends that he is entitled to statutory and equitable tolling of the federal limitation period. We review de novo the district court's decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding statutory tolling of the federal limitations period. *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012). The district court's decision regarding equitable tolling is reviewed for an abuse of discretion, although any conclusions of law underlying the district court's decision are reviewed de novo. *Id.*

A person in state custody has one year in which to apply for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period begins to run on the date when the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). Alternatively, the limitation period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B).

Manning asserts that incompetent prison writ writers, provided to him by the prison, prevented him from filing his habeas application within one year of the date when his conviction became final, in violation of his constitutional right of access to the courts. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (footnote omitted). This right prohibits state prison officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996).

We note that Manning does not contend that he did not have access to an adequate law library. *See Egerton v. Cockrell*, 334 F.3d 433, 436-39 (5th Cir. 2003). Nor does he contend that the State actively impeded his efforts to pursue postconviction relief. *See Critchley v. Thaler*, 586 F.3d 318, 320-21 (5th Cir. 2009). Instead, he contends only that the assistance he received from his State-provided inmate writ writers was inadequate. Manning has not shown that the

district court clearly erred in refusing to statutorily toll the limitation period. *See Manning*, 688 F.3d at 182.

With respect to his contention that the limitation period should be equitably tolled, Manning asserts that he did not have a reasonable alternative to the writ writers that were provided to him by the prison. The federal limitations period is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas applicant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[A] garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Id.* at 2564 (internal quotation marks and internal citations omitted).

Manning contends only that his inmate counsel were incompetent and made mistakes in processing his state postconviction proceedings and in applying for federal habeas relief before his claims were fully exhausted. He has not shown that an extraordinary circumstance prevented him from filing a timely federal habeas application. *See Holland*, 130 S. Ct. at 2564. The district court did not err in refusing to equitably toll the limitation period. *See Manning*, 688 F.3d at 182. The district court's judgment is

AFFIRMED.