**Ex Parte William Lee POND, Applicant.**

**No. WR–79267–01.**

Court of Criminal Appeals of Texas.

Sept. 11, 2013.

Gerald E. Bourque, Attorney at Law, The Woodlands, TX, Joe Gonyea Jr., Attorney at Law, Houston, TX, for Appellant.

District Attorney Montgomery County, Brett Ligon, Conroe, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for State.

COCHRAN, J., filed a statement concurring in the denial of reconsideration in which JOHNSON and HERVEY, JJ., joined.

I agree with the Court's decision to deny applicant's "Suggestion that the Court Re-

---

consider on Its Own Initiative the Denial of Habeas Corpus Relief." I write separately to address the importance of (1) filing a *complete* original application for a writ of habeas corpus that contains all necessary information and materials, and (2) responding in a timely manner to the State's answer and its submission of "Proposed Findings of Fact and Conclusions of Law." Applicant complains that the trial judge signed factual findings and forwarded the writ record to this Court, where we denied relief before he knew of the trial judge's action. Unfortunately for applicant, he bears the consequences of the failure to keep track of the status of his application.

Applicant was charged with two counts of aggravated sexual assault of a child. After an original trial resulted in a hung jury, a second jury found him guilty of sexually assaulting his eight-year-old stepdaughter and, in October 2009, sentenced him to sixty years' imprisonment on each count. Applicant appealed to the Beaumont Court of Appeals, raising nine points of error, but the appeals court rejected his claims and affirmed the trial court's judgment on March 10, 2011.[1] We denied applicant's petition for discretionary review on November 9, 2011.

On February 5, 2013, applicant's counsel filed an application for a writ of habeas corpus under Article 11.07[2] in the convicting court. Habeas counsel alleged that both applicant's trial and appellate attorneys were constitutionally ineffective, and he set out a laundry list of twenty purported "failures" by his attorneys. Eleven of his thirteen complaints about trial counsel dealt with purported failures to object, but applicant himself failed to assert (much less show) that the trial judge would have (or should have) sustained those objections. He also failed to explain how these purported errors contributed to his conviction or punishment; that is, applicant did not make any showing or argument that he was harmed by these omissions or that there was a reasonable likelihood that the result of the trial would have been different had counsel made each and every objection that applicant now asserts should have been made. But, in an application for a writ of habeas corpus, an inmate must plead facts that, if proven to be true, would entitle him to relief.[3] Applicant's claims concerning the purported deficiencies of appellate counsel suffer from the same problems. These pleading problems may be remedied by amendment or supplementation of an 11.07 writ application, but such supplementation must be done with appropriate dispatch and preferably while the matter is still pending in the trial court.[4]

---

1. *Pond v. State*, 09–09–00483–CR, 2011 WL 2420828 (Tex.App.-Beaumont March 10, 2011, pet. ref'd) (not designated for publication).

2. Tex.Code Crim. Proc. art. 11.07.

3. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App.1985) ("In a postconviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief."); *see also Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex.Crim.App. 1995) ("[A] post-conviction habeas corpus application must allege facts which show both a cognizable irregularity and harm.").

4. Tex.Code Crim. Proc. art. 11.07, § 3(c) (setting out time frame for deciding whether there are "controverted, previously unresolved facts material to the legality of the applicant's confinement"); *see Ex parte Simpson*, 136 S.W.3d 660, 668 (Tex.Crim. App.2004) (stating that this Court reviews only the factual findings and legal conclusions made by the trial court and will generally not consider evidence and materials filed directly with this Court); 43B George E. Dix & John M. Schmolesky, Criminal Practice and Procedure § 58:57 at 776–77 (Texas Practice Series 3d ed.2011) (relying on *Simpson* in noting that

Here, the prosecutor filed his answer (asserting applicant's pleading deficiencies) and his proposed Findings of Fact and Conclusions of Law on February 25, 2013.[5] The prosecutor certified that he sent applicant's counsel a copy of both his answer and proposed findings at the same time. Applicant's counsel did not respond to the State's answer, and he did not file any further pleadings, motions, or other materials with the trial court.

On February 28, 2013, the trial judge signed the Findings of Fact and Conclusions of Law submitted by the State. On February 26, 2013,[6] the district clerk sent applicant's counsel a letter and included a copy of the Findings of Fact and Conclusions of Law signed by the trial judge. This letter was filed in the district clerk's file on March 12, 2013. On March 15, 2013, the district clerk forwarded the entire writ application file to this Court.[7]

Based upon the application, the record, and the trial judge's findings, we denied relief without written opinion on May 1, 2013. This was more than sixty days after the State filed its answer and almost forty-five days after we received the materials. Throughout this time period, neither applicant nor his counsel filed any other motions or materials in the trial court.

On May 8, 2013, we received applicant's Suggestion for Reconsideration in which counsel asserts that (1) he did not receive notification that the district judge had signed findings of fact until May 1, 2013, the same day we denied relief;[8] and (2) he

---

this court lacks statutory authority to consider evidentiary materials filed directly with it).

5. The prosecutor obtained service of the application on February 11th, so its response was timely. *See* TEX.CODE CRIM. PROC. art. 11.07, § 3(b) (the attorney representing the state "shall answer the application not later than the 15th day after the date the copy of the application is received. Matters alleged in the application not admitted by the state are deemed denied.").

6. Either the date of the trial judge's signature on the findings or the district clerk's letter must be a misprint as the letter purported to send the trial judge's signed findings to applicant's counsel before the date that they were signed.

7. The trial judge had twenty days after the time allowed for the State to file its answer to decide whether the application raised controverted, previously unresolved factual issues material to the legality of applicant's confinement. *See* TEX.CODE CRIM. PROC. art. 11.07, § 3(c) ("Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement."). In the present case, then, the trial judge had

until March 17th to decide if there were unresolved factual issues to decide. Applicant's counsel was thus on notice that there should be some word from the trial judge on or before March 17th concerning whether there were any factual issues that still needed to be resolved. In fact, the trial judge determined that there were no unresolved factual issues on February 28th in his signed findings of fact. If applicant did not receive the district clerk's notification of the trial judge's signing, he should have checked with the district clerk on or immediately after March 17th to see if the trial judge had decided that there were unresolved factual issues and had entered an order to that effect. TEX.CODE CRIM. PROC. art. 11.07, § 3(d). If no such order had been entered, then the trial judge must "immediately" transmit the application and all associated materials to this Court. *Id.*, § 3(c). Any failure of the trial judge in entering such an order within 20 days is deemed a finding that there are no disputed fact issues to resolve, and, once again, the trial judge must immediately send all of the materials to this Court. *Id.*

8. Applicant has submitted a copy of the district clerk's letter dated February 26, 2013, with counsel's address exactly as he had written it on the original application, but with a notation in an unknown handwriting that it was "resent to atty on 4–29–13."

"requested that the district court take no action on the application until applicant supplemented it with the brief and exhibits." [9] Applicant also sent copies of a brief attempting to cure some of the deficiencies that the State had pointed out in its original answer filed in February.

That brief and applicant's request for reconsideration came too late because applicant has not satisfactorily explained why he failed to respond to the State's answer or supplement his application with briefing and appropriate exhibits and affidavits in a timely manner in the trial court. [10] The trial judge signed the State's findings shortly after she received them, but she held the application and its associated materials for more than fifteen days after the district clerk sent counsel a properly addressed notification letter and a copy of those findings.

Applicant should have filed a complete original application for a writ of habeas corpus, including whatever briefs, memoranda, affidavits, or evidentiary materials he wished the trial judge and this Court to consider. Alternatively, he should have responded in a timely manner to the State's answer and its proposed findings of fact. Even if he had not received the district clerk's letter concerning the trial judge's signing of the State's factual findings, he was on notice that the trial judge was likely to find that there were "no controverted, previously unresolved facts material to the legality of the applicant's confinement," [11] and therefore the trial judge would "immediately transmit" the writ record to this Court for a final determination. [12] It is applicant's responsibility to ensure that he has submitted all appropriate materials in a timely manner to the convicting court, preferably before those materials are transmitted to this Court, but necessarily before this Court takes action on the application. [13]

With this comments, I join in the denial of applicant's suggestion for reconsideration.

9. Unfortunately, there is nothing in the writ record that substantiates this statement. Applicant could have (1) attached a file-stamped copy of his abeyance request to his present motion, (2) requested an affidavit from the trial judge concerning her memory of this fact, (3) filed his own affidavit in the trial court and asked that it be sent to this Court as part of a supplemental record, or (4) applied for a supplemental record containing his written request for abeyance if he had filed a written request.

10. See Gibson v. Dallas County District Clerk, 275 S.W.3d 491, 492 (Tex.Crim.App.2009) ("Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a *timely* entry of an order designating issues."). Absent such an order, the district clerk has a ministerial duty to "immediately" transmit all materials to this Court for final review. *Id.*

11. TEX.CODE CRIM. PROC. art. 11.07, § 3(c).

12. *Id.*

13. Best practices include filing all materials with the trial court before the trial judge has signed his findings of fact and made his recommendation to this Court. But an applicant is not foreclosed from amending or supplementing his materials even after the application is forwarded to this Court, as long as those materials are filed in the trial court. The trial judge, however, may be powerless to make supplemental or amended findings based on the additional material unless we remand the case to the trial court.