WR-83,072-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/29/2015 1:50:06 PM
Accepted 4/29/2015 3:06:55 PM
ABEL ACOSTA
CLERK

COPY

WR-83,072-01
No. D-1-DC-10-203162-A

EX PARTE                                    IN THE DISTRICT COURT

                                           OF TRAVIS COUNTY, TEXAS

JORGE GUTIERREZ                            167TH JUDICIAL DISTRICT

## STATE'S REPLY TO APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

**TO THE HONORABLE JUDGES OF SAID COURT:**

NOW COMES the State, by and through its Assistant District Attorney for Travis County, Texas, in the above numbered and entitled cause, and respectfully files the following reply to applicant's objections to the convicting court's findings of fact and conclusions of law in this case.

### I.

### No Ex Parte Proceedings Occurred In this Case

In response to applicant's writ of habeas corpus, the State filed with the convicting court its Original Answer in this cause on March 25, 2015. Along with its Original Answer, the State filed proposed findings of fact and conclusions of law and an order adopting those findings and conclusions. The State's habeas prosecutor had no contact with the judge of the convicting court at any time during the pendency of these proceedings. No proceedings were conducted in this case other than the parties filing their respective documents. The assertion by

1

Filed In The District Court
of Travis County, Texas
on_____M.
at_____
Velva L. Price, District Clerk

applicant's counsel that these proceedings were conducted in an *ex parte* manner is baseless and unwarranted.

## II.

## Applicant Was Not Denied the Opportunity To Be Heard

Applicant contends the Court of Criminal Appeals should reject the convicting court's findings and conclusions because he "was not served with any of the State's pleadings or given the opportunity to be heard." Applicant's Objections at p.3. The documents in this case belie that assertion. The trial judge did not sign the order adopting the State's proposed findings and conclusions until April 9, 2015, six days after the State served applicant with its answer and accompanying proposed findings and conclusions. In that timeframe, applicant's counsel filed a supplemental writ application addressing an issue raised in the initial writ application that did not comply with Rule 73 of the Texas Rules of Appellate Procedure, as pointed out in the State's Original Answer. The supplemental writ application reflects that it was prepared on April 3, 2015. Clearly, applicant had an opportunity to respond to the State's Original Answer, and in fact did, before the judge adopted the proposed findings and conclusions. The State received the supplemental writ application on April 7, 2015, when it was filed.

Furthermore, in the April 3rd phone call between applicant's counsel and the State's habeas prosecutor, the parties discussed the possibility of a hearing in this cause. The undersigned attorney explained to applicant's counsel that, if he wanted a hearing in this cause, he simply needed to call the clerk of the convicting court and request one.[1]

This cause was not set for a hearing and/or argument in the convicting court. There is no evidence that applicant's counsel requested such a hearing or that applicant was in fact denied such a hearing. Applicant did not file proposed findings and conclusions of his own at any time during the pendency of the writ application in the convicting court, even after being informed that the State had filed proposed findings of fact and conclusions of law, having received a copy of them on April 3rd, and responding to the State's Original Answer that same day. *See Ex parte Pond*, 418 S.W.3d 94, 97 (Tex.Crim.App. 2013) (Cochran, J., concurring) ("It is applicant's responsibility to ensure that he has submitted all appropriate materials in a timely manner to the convicting court, preferably before those materials are transmitted to this Court, but necessarily before this Court takes action on the application."). Moreover, since no order designating issues was entered, applicant was on notice that the trial judge was likely to find that there

---

[1] The State's attorney also apologized for the oversight in failing to serve applicant's counsel. The undersigned counsel erred in relying upon Art. 11.07, Sec. 7, V.A.C.C.P., for service.

were "no controverted, previously unresolved facts material to the legality of [his] confinement" and submit the writ application to the Court of Criminal Appeals on March 26, 2015. *See Id.*

Moreover, applicant filed an affidavit from defense counsel and various exhibits with his initial writ application. Such exhibits may constitute a hearing, although the judge of the convicting court did not order them in this case. *See* Art. 11.07, §3(d). The record suggests applicant failed to avail himself of any further opportunity to be heard. Applicant's claim that he was not afforded an opportunity to be heard is likewise baseless and unwarranted.

### III.

### Applicant's Claims are Without Merit

Without the timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to the Court of Criminal Appeals the record from the application for writ of habeas corpus. *Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex.Crim.App. 2000). The trial court's inaction is deemed a finding that no issues of fact require further resolution. *Id*. citing Art. 11.07, §3(c), V.A.C.C.P.

Applicant filed his writ application in the convicting court on February 18, 2015. Without an order designating issues being entered, on March 26, 2015, the clerk of the trial court properly transmitted to the Court of Criminal Appeals the

4

writ application and the State's answer filed in this case. Art. 11.07, §3(c).[2] The

trial court's inaction during the 35-day period was a finding that no issues of fact

required further resolution. Nevertheless, the trial court adopted the State's

proposed findings and conclusions, which are wholly supported by the trial record

in this cause. Therefore, all requested relief should be denied to applicant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays this Court deny

applicant all requested relief in his objections to the court's findings and

conclusions and in his writ applications.

Respectfully submitted,

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

Lisa Stewart
Assistant District Attorney
State Bar No. 06022700
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. 854-4810
Lisa.Stewart@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

---

[2] Section 3(c) provides in relevant part that "If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made."

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure, the State certifies that the length of this answer is 966 words and that a conventional typeface 14-point was used to generate this reply.

*Lisa Stewart*
Lisa Stewart
Assistant District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of April, 2015, a copy of the foregoing State's Reply has been served on the applicant by mail, email, or fax transmission to the applicant's attorney, Randy Schaffer, 1301 McKinney, Suite 3100, Houston, Texas 77010, noguilt@swbell.net, or Fax: 713-951-9854.

*Lisa Stewart*
Lisa Stewart
Assistant District Attorney