74,702-07

JASON T.PEGUES #728196
HUNTSVILLE UNIT
815 12TH STREET
HUNTSVILLE, TEXAS 77348

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta, Clerk

December 17,2015

TO: The Clerk of the Court:
    Abel Acosta
    The Court of Criminal Appeals
    P.O.Box 12308
    Capital Station
    Austin, Texas 78711

**Re:** Applicant informing this Honorable Court of proceeding in reference to **Cause No.94-DCR-026185 HC5**.


Dear clerk of the court:

Enclosed is the applicant's supplement in reference to the aforementioned cause number which was filed in the trial court on December 16,2015. The applicant's HC5 is still pending in the trial court in which an Honorable Judge has signed an order designating issues. The enclosed is to just inform this Honorable Court by sending a copy of the applicant's Supplement which was filed in the trial court pertaining to his application HC5, so if you will please place the enclosed inside the file pertaining to the applicant's application HC5 and make a part of the record, so that this Honorable Court can take the enclosed Supplement into consideration upon ruling on his' HC5, I would really appreciate it. Thanks for your time and assistance.

Respectfully Submitted,

Jason T.Pegues #728196
Applicant:94-DCR-026185 HC5
HUNTSVILLE UNIT
815 12TH STREET
HUNTSVILLE, TEXAS 77348

1 of 1

Jason T.Pegues #728196
Huntsville Unit
815 12th Street
Huntsville, Texas 77348

December 16,2015

To: The District Clerk of Fort Bend County:
Annie Rebecca Elliott
Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77046

Re: Applicant filing a Supplement in reference to **No.94-DCR-026185 HC5**

Dear Clerk of the Court:

Enclosed is a Supplement in reference to Cause No.94-DCR-026185 HC5
in which the applicant is filing in the trial court to take into
consideration and adjudicate the merits of the claims and issues
before the signing of fact and recommendation to the court of criminal
appeals. The trial court is in the 240th District Court of Fort Bend
County where the **Honorable Thomas R.Culver,III** presides, so if you
will please file this in it's appropiate court, I would really
appreciate it. Also, due to the order designating issues in reference
to the applicant's HC5 being signed by the **Honorable Judge Shoemake**
presiding in Fort Bend County, if you will please file this Supplement
in his Honorable Court, I would really appreciate it as well.

Furthermore, please file this note with the other documents to be
forwarded to the Court of Criminal Appeals for evidence of due
diligence on the part of the applicant.

**Lastly, please file stamp these documents and return receipt a copy
for me in the SASE.**

Thank you for your time and assistance.

Respectfully,

Jason T.Pegues #728196
Applicant:

No.94-DCR-026185 HC5

JASON T. PEGUES #728196        IN THE COURT OF CRIMINAL APPEALS
APPLICANT


v.                              AT


THE STATE OF TEXAS              AUSTIN, TEXAS
RESPONDENT


## APPLICANT'S SUPPLEMENT
## IN REFERENCE TO HC5


To The Honorable Judge of said Court:

Comes now, Jason T. Pegues #728196, applicant, pro-se, in the above styled and numbered cause of action respectfully submit/file this supplement in reference to HC5 under art.11.07 3(b), sec.4(a)(1)(b) of the Texas Code of Criminal Procedure, supplementing his application No.94-DCR-026185 HC5, which is pending in the trial court where the Trial Judge has not signed his findings of fact and made his recommendation to this Honorable Court, in which the applicant supplements his HC5, filing his supplement in the trial court, pursuant to the provisions of Rules of Civil Procedure, Rule 62, 64, 69 and Rule 58, due to the reconsideration by the trial court of No.94-DCR-026185 HC3 in reason of aggravated perjury committed in the first affidavit of a representative of the State, Attorney Cary M.Faden in which the State admitted to. The applicant would like to show this Honorable Court the following and request that the following be implemented into the applicant's memorandum in reference to the above mentioned cause number:

## APPLICANT'S SUPPLEMENT
## I.

The following is to be supplemented into the subsection:

**'Legal Support & Facts concerning the Harmful Errors,
Violations of U.S.Constitutions, and Substantial Rights in case 26185'**

which is part of II.of Applicant's Memorandum HC5:

In pursuant to **Ex parte Pond,418 S.W.3d 94 n.13(Tex.Crim.App.2013)**:

Best practices include filing all materials with the trial court
before trial judge has signed his findings of fact and made his
recommendation to this court. But an applicant is not foreclosed from
amending or supplementing his materials even after the application is
forwarded to this court, as long as those materials are filed in the
trial court.

Based on the facts and record of this case, the applicant is justified
in moving to having the indictment in this case dismissed, due to the
indictment being created by an illegal taken statement in which the
applicant has proven was in fact illegally taken and inadmissible by
law beyond a reasonable doubt, concluding that there was no evidence
other than the illegal taken statement, and due to it being illegally
taken and inadmissible, the indictment is no longer valid. The use of
hearsay evidence before a grand jury may render an indictment invalid
if (1):The Government misleads the Grand Jury into thinking it is
receiving first hand testimony…or (2):If there is a high probability
that the defendant would not have been indicted had only non-hearsay
evidence been used, Ruggiero 934 F.2d 440,447(2nd.Cir.1991),both (1) &
(2) applying to this case 26185. With the prosecutor with-holding the
**only evidence**(The Investigating Record) that proves that the statement
was illegally taken, in sealing the investigating record in Juvenile
Proceedings after the applicant was certified impaired the Grand
Jury's Function. U.S. v. Gutierrex,696 F.2d 753,755(10th Cir.1982);
Strickler v. Greene,527 U.S.263,281-82. Without the illegal taken
statement, there was no evidence which would have convicted the
applicant, and due to the indictment being created by the illegal
taken statement which is proven to be inadmissible, the validity of
the indictment is affected no longer stands as valid. Morrison,449
U.S. at 365-66 n.2.

II.

Also pursuant to Ex parte Pond,418 S.W.3d 94 n.13(Tex.Crim.App.2013,The following is to be supplemented in reference to HC5 which is pending in the trial court due to the Honorable Judge Shoemake signing an order designating issues. The following is to be supplemented into the subsection:

**'How Applicant was Harmed by the DeGarmo Doctrine'**

as IV.of Applicant's Memorandum of HC5:

The applicant was also harmed by the DeGarmo Doctrine stopping him from presenting that the trial court abused it's discretion by improperly appointing defense counsel as appellate counsel, creating conflict of interest which caused appellant egregious harm. Due to there being ineffective assistance of counsel in trial by Cary M.Faden,the conflict of interest is created when the trial court appointed trial counsel Cary M.Faden as appellate counsel, and in Cary M.Faden filing the applicant's direct appeal,it was for sure that the trial counsel Cary M.Faden would not file a ineffective assistance claim on him-self as the appellate counsel,which would entitle the applicant to an out-of-time appeal. Furthermore, the basis of these claims were not reasonably available at the time of appeal Due to the authority of the DeGarmo Doctrine stopping the applicant from presenting these violations and errors that would have had a major impact on this case if DeGarmo would not have existed. Ex parte Axel,757 S.W.2d 369(Tex.Crim.App.1988); Leday v. State,983 S.W.2d at 725; Ex parte Boyd,58 S.W.3d 134(Tex.Crim.App.2001); Jacobson v. State,398 S.W.3d 195(Tex.Crim.App.2013); Ex parte White,160 S.W.3d 46(Tex.Crim.App.2004); Vaughn v. State,931 S.W.2d 564(Tex.Crim.App.1996).

## PRAYER

WHEREFORE PREMISES CONSIDERED, applicant, Jason T.Pegues #728196, respectfully prays that this Honorable Court supplement the aforementioned into the applicant's HC5 and take it into consideration in reviewing,and adjudicating the merits of these particular claims and issues. The applicant prays that this Honorable Court will be merciful based on the applicant being a layman of the law and pro-se, and very grateful for this Honorable Court's time and consideration.

Executed on this 16th day of December, 2015.

Respectfully Submitted,

Jason T.Pegues #728196
Huntsville Unit
815 12th STREET
Huntsville, Texas 77348

## CERTIFICATE OF SERVICE

I, Jason T.Pegues #728196, the applicant, being presently confined in Walker County, Texas do hereby affirm that I have delivered the original of this Applicant's Supplement in reference to the applicant's HC5 to the prison mailroom officials for delivery to the following via U.S.Postal Service:

The District Clerk,Annie Rebecca Elliott,of Fort Bend County,240th District Court,Honorable Judge Thomas R.Culver,III,301 Jackson,Richmond,Texas 77046

Also by way of the District Clerk, Annie Rebecca Elliott, to the Honorable Judge Shoemake,presiding in the 434th District Court of Fort Bend County,who signed the order designating issues in reference to HC5

And to The Clerk of The Court of Criminal Appeals,Abel Acosta, P.O.BOX 12308,Capitol Station,Austin Texas 78711

## INMATE DECLARATION

I, <u>Jason T.Pegues #728196</u>, presently incarcerated in Walker County,Texas hereby declare under the penalty of perjury that the aforementioned in my Supplement in reference to HC5 is true and correct.

Signed on this <u>16</u><sup>th</sup> day of <u>December</u>, <u>2015</u>.

Respectfully Submitted,

Jason T.Pegues #728196
Applicant
No.94-DCR-026185 HC5
Huntsville Unit
815 12th Street
Huntsville, Texas 77348

Cc/file: