

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,067

**JAY EDWIN GIBSON, Relator**

**v.**

**DALLAS COUNTY DISTRICT CLERK, Respondent**

## ON APPLICATION FOR A WRIT OF MANDAMUS
## CAUSE NO. W90-47176-T(A) IN THE 283rd JUDICIAL DISTRICT COURT
## FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original

jurisdiction of this Court.  In it, he contends that he filed an application for a writ of habeas

corpus in the 283rd Judicial District Court of Dallas County on June 7, 2008.  He alleges that

more than 35 days have elapsed since he filed that application in the district court.  He asks

that we order the district clerk to forward his 11.07 application to this Court because he has

heard nothing from the district court and was allegedly told by the district clerk to refile his habeas corpus application.

On November 5, 2008, this Court held this mandamus application in abeyance and ordered the district clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court had no record of a timely entered order designating issues. In response to this Court's order, the district clerk forwarded a copy of an order designating contested factual issues which the trial judge had entered on November 17, 2008. This Court has still not received the 11.07 application for writ of habeas corpus and the clerk has not submitted any information showing that the order designating factual issues was timely entered. We therefore grant Gibson's motion for leave to file an application for a writ of mandamus.

When a person files an application for a writ of habeas corpus challenging a final felony conviction with the clerk of the court in which the conviction was obtained, the clerk shall assign the application to that trial court and send a copy of the application via certified mail or personal service to the attorney representing the State. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). The State then has 15 days to respond to the allegations in the writ application. *Id.* After the expiration of the time allowed for the State to respond, the trial court is allowed an additional twenty days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application

for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id*. This provision is mandatory. Article 11.07 requires the trial judge to either (1) enter an order designating contested factual issues within thirty-five days of the receipt of the writ application–regardless of whether the State files a response; or, (2) if there are no unresolved facts to be determined, to send the application and all associated materials to this Court. The Legislature's purpose in setting these deadlines was to ensure that post-conviction constitutional claims would be addressed and resolved with appropriate speed, efficiency, and fairness.[1]

Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a *timely* entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require

---

[1] TEX. CODE CRIM. PROC. art. 11.04 ("Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it"); *see Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint. ")(citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("[T]he very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees") and *Ex parte Ramzy*, 424 S.W.2d 220, 223 (Tex.1968) ("the purpose of the writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restraint").

further resolution. Art. 11.07, §3(c).

In this case, Relator alleges that he filed this application for writ of habeas corpus in the trial court on June 7, 2008, an allegation which the district clerk does not dispute. The trial court entered an order designating issues on November 17, 2008, which was after the time limitations provided in the statute had expired. The untimely order interfered with the district clerk's duty to transmit the application to this Court and is therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's application for writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records in cause no. W90-47176-T(A) filed in the 283rd Judicial District Court of Dallas County to this Court unless the clerk can certify that Relator's habeas application was delivered to the State after October 12, 2008.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply.

Filed: January 14, 2009
Publish