NO. 07-09-0117-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 30, 2009

_____

IN RE GREGORY DEAN BANISTER, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Gregory Dean Banister, proceeding pro se and in forma pauperis, seeks a writ of mandamus to compel the Honorable Felix Klein, Judge of the 154th District Court of Lamb County, to rule on various motions and requests which relate to the resolution of a writ of habeas corpus.[1]  We deny Relator's petition for writ of mandamus.

According to Relator's petition and documents, on September 23, 2008, he filed a writ of habeas corpus in the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure relating to his September 16, 2004 conviction for aggravated assault.

_____

[1]Copies of the documents complained of are included in appendices to Relator's petition as required by Rule 52.3(k) of the Texas Rules of Appellate Procedure.

## Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

When a petition for writ of mandamus is filed, the relator has the burden to show entitlement to the relief sought. *Johnson*, 700 S.W.2d at 917. A relator must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider a motion not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the clerk does not constitute proof that the motion was presented or brought to the trial court's attention with a request for a ruling. *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is

2

dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).

**Article 11.07 - Habeas Corpus**

A post-conviction application for writ of habeas corpus in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained. Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b) (Vernon Supp. 2008).[2] Upon receipt of the application, the clerk is required to forward a copy thereof to the attorney representing the state. *Id.* The attorney representing the state has 15 days after the date the copy of the application is received to file an answer. *Id.; See Gibson v. Dallas County Dist. Clerk,* 275 S.W.3d 491 (Tex.Crim. App. 2009) (impliedly holding the date on which the clerk receives the application as the date on which the 15-day answer period begins); *But see* Op. Tex. Atty. Gen., No. JM-608 (1986) (finding the date on which the state's attorney receives the application is the date on which the 15-day answer period begins). Within 20 days of the expiration of the time in which the state is allowed to answer, the convicting court shall decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Article 11.07, § 3(c). If the convicting court finds that there are no such issues, or if it fails to act within the 20 days allowed, the clerk of the convicting court shall

---

[2]For convenience, articles of the Texas Code of Criminal Procedure will subsequently be cited as "article ___" or "Article ___".

immediately transmit a copy of the application to the Court of Criminal Appeals. *Id.* If the convicting court finds that there are such issues, within that same period of time, it must enter an order designating the issues of fact to be resolved. Article 11.07, § 3(d). The convicting court, within the exercise of its sound discretion, must then act to resolve the controverted, previously unresolved fact issues, and issue findings of fact. *Id.* The convicting court is not, however, required to hold a hearing before entering findings of fact. *Ex parte Davila,* 530 S.W.2d 543, 545 (Tex.Crim.App. 1975). Furthermore, the trial judge has no ministerial duty under article 11.07 to enter findings within a specified period of time. *Rodriguez v. 208th Judicial Dist. Court,* No. WR 66224-01, 2007 WL 171975, at *1 (Tex.Crim.App. Jan. 24, 2007) (not designated for publication). That decision lies within the trial judge's sound discretion. *Id.* Upon issuance of the findings of fact, the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals, the application, any answers filed, any motions filed, transcripts of any depositions or hearings, any affidavits, and any other matters such as official records used by the convicting court in resolving issues of fact. Article 11.07, § 3(d).

## Analysis

Relator alleges he has numerous motions and requests pending in the trial court that relate to his application for an article 11.07 writ of habeas corpus. The documents contained in his appendices reflect file stamp dates from September 23, 2008 through November 19, 2008. However, nothing in the limited record before us demonstrates

4

whether the convicting court ever entered an order designating the issues of fact to be resolved.

If the convicting court did not timely enter an order designating issues of fact to be resolved, the clerk of that court was required to immediately transmit Relator's application to the Court of Criminal Appeals. In such case, the convicting court had no duty to perform the acts which Relator seeks to compel. In the absence of a duty to perform, Relator is not entitled to the relief sought.

Furthermore, even assuming an order designating issues was timely filed, nothing demonstrates that Relator presented his motions and requests to the trial court and that it refused to act. Furthermore, Relator has not provided any authority that the delay, if any, in ruling on his motions is an unreasonable time period as a matter of law. Accordingly, we conclude that Relator has not satisfied his burden to provide a sufficient record demonstrating that properly filed motions have awaited disposition for an unreasonable length of time nor that the trial court has refused to perform a ministerial duty. Neither has Relator demonstrated that the trial court has abused its discretion or violated a duty imposed by law.

Consequently, Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

5