

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,055

### IN RE VICTOR HUGO ESCARENO, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### FROM HIDALGO COUNTY

MEYERS, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., dissented.

### O P I N I O N

Relator, Victor Hugo Escareno, filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. He asserted that he filed an application for a writ of habeas corpus in the 370th District Court of Hidalgo County, Texas, on October 29, 2007, and that thirty-five days passed without the trial court forwarding the

1

application to this Court. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).[1] We attempted to collect information from the District Clerk regarding the status of the habeas application, but she continually refused to communicate with this Court despite receiving successive orders and an inquiry letter. For repeatedly neglecting her ministerial duties, we will hold the District Clerk in contempt and assess a fine of $500.

## I.      Article 11.07

Article 11.07 of the Code of Criminal Procedure defines the procedural guidelines for an application for a writ of habeas corpus in which the applicant seeks relief from a non-death-penalty felony judgment. After the application is filed with the clerk of the convicting court, the clerk of that court forwards a copy of the application to the attorney representing the State, who then has fifteen days from the receipt of the copy to respond.

Within the twenty days following the State's deadline to answer, the convicting court must decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. If the convicting court decides that there are such unresolved facts, it must enter an order designating the issues to be resolved (ODI) before the expiration of the twenty-day time frame. If there are no such issues, the clerk must immediately forward a copy of the application to this Court.

Therefore, within thirty-five days from the date on which the State receives a copy

---

[1]The changes made by 2007 legislation, reflected in this supplement, apply to applications for writs of habeas corpus filed on or after September 1, 2007. Relator's application for a writ of habeas corpus was filed on October 29, 2007.

of the application, the convicting court must either enter an ODI or transmit a copy of the application to this Court. *Gibson v. Dallas County Dist. Clerk*, 275 S.W.3d 491, 492 (Tex. Crim. App. 2009). A timely-entered ODI is the only means by which the convicting court can postpone forwarding the habeas application to this Court. *See McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). This extension is not available when the ODI is entered after the statutory deadline. In the event of an untimely ODI, the district clerk has no authority to continue to hold an application for a writ of habeas corpus and is under a ministerial duty to immediately forward the application and related records. *Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex. Crim. App. 2000).

## II.     Sequence of Events

On January 23, 2008, we held the application for a writ of mandamus in abeyance and ordered the Hidalgo County District Clerk to respond with information regarding the existence of Relator's habeas application. *Escareno v. Hidalgo County Dist. Clerk*, No. WR-69, 120-01, 2008 Tex. Crim. App. Unpub. LEXIS 49 (Tex. Crim. App. Jan. 23, 2008) (not designated for publication). We offered four permissible forms of response: (1) the record on the habeas application; (2) a copy of a timely-filed ODI; (3) a statement that the claims asserted in Relator's application were not cognizable under Article 11.07 Section 3; or, (4) a statement that Relator had not filed an application for habeas corpus in Hidalgo County. *Id.* The response was due to this Court by February 22, 2008 (thirty

days from the date of the order).[2] *Id.*

The trial court entered an ODI on March 6, 2008, however this order was not timely filed.[3] It did not satisfy the January order because a copy was not submitted to this Court by February 22, 2008. Not only was the ODI untimely according to the order's deadline, but it was also tardy by statutory standards. Under Article 11.07, the court had thirty-five days from the date the State received a copy of the application to enter an ODI, if there were controverted, previously unresolved facts. The State received a copy of the writ application on January 22, 2008. Therefore, the court had until February 26, 2008, to timely file an ODI.

On March 25, 2008, this Court mailed a letter to the District Clerk inquiring as to

---

[2]We note that this order, dated January 23, 2008, was issued before the expiration of the 11.07 thirty-five-day time period. A trial court has thirty-five days from the date the State receives the copy of the application to either transmit a copy of the application to the Court of Criminal Appeals or enter an ODI. *Gibson*, 275 S.W.3d at 492. Because the State received a copy of the application from the convicting court on January 22, 2008, the court had until February 26, 2008, to timely comply with Article 11.07. The order required action by February 22, 2008, thirty days from the date of the order, and thus shortened the time period during which the trial court could act.

It is true that a trial court may not *extend* the statutory thirty-five-day time limit for forwarding a habeas application, without entering an ODI. *McCree*, 824 S.W.2d at 579. (Entering an ODI yields additional time to make findings of fact to resolve the controverted issues.) However, this Court is not prevented from *shortening* the thirty-five-day time period and demanding action earlier than the statutory requirement.

[3]According to the Criminal Appeals Clerk of the District Clerk's Office, on approximately March 8, 2008, there was a flood at the 370th District Court, and this disrupted the docket. However, the deadlines established by Article 11.07 and the order from this Court had already passed on February 26, 2008, and on February 22, 2008, respectively. Therefore, the flooding could not have impacted the court's ability to meet those deadlines.

why she had not yet responded to the January order.[4] By May 14, 2008, still no communication had been received from the District Clerk, and this Court issued a show cause order. In it, we ordered the District Clerk to respond to the order of January 23, 2008, and to file a sworn affidavit with facts showing cause why she should not be held in contempt for failure to timely file the required response. Both components were due to this Court by June 13, 2008.

The show cause order was served on the District Clerk on May 22, 2008. Three days prior, on May 19, 2008, we received Relator's habeas corpus application.[5] At that point, the relief sought by Relator in the mandamus application had been obtained and the application was moot.

While the long-awaited delivery of the habeas application, nearly three months after the due date, tardily satisfied the January order, the second order remains unresolved.[6] The show cause order required an affidavit from the District Clerk showing cause "why [she] should not be held in contempt of this Court for failing to file the response [to the January order] by the date it was due and be punished for failing to do

---

[4]By this date, we had received Relator's second mandamus application (received on March 19, 2008).

[5]This was sent by the Deputy District Clerk for Hidalgo County.

[6]The order of January 23, 2008, offered four means of compliance. Two of the acceptable responses–submitting to this Court the habeas application or entering an ODI–the trial court eventually completed, however neither action occurred before the order's February 22, 2008 deadline. And, upon issuing the second order–the order to show cause–this Court had still not received a copy of the ODI.

so." The affidavit, as well as an overdue response to the previous order, were due on June 13, 2008. Though we received two affidavits on June 5, 2008 (one from a Hidalgo County Assistant Criminal District Attorney and one from the Hidalgo County Criminal Appeals Deputy District Clerk), we still have not received any communication from the District Clerk explaining why she did not timely respond to the January order. On December 10, 2008, this Court granted Relator's motion for leave to file an application for a writ of mandamus.[7]

## III.    The District Clerk

The legislature established the deadlines in Article 11.07 "to ensure that post-conviction constitutional claims would be addressed and resolved with appropriate speed, efficiency, and fairness." *Gibson*, 275 S.W.3d at 492. Those goals were clearly not realized in this case.

We denied Relator's application for a writ of habeas corpus, and the mandamus application is moot because Relator received his requested relief when the habeas application reached this Court. However, the conduct of the District Clerk is unacceptable, as she failed to comply with two orders from this Court, as well as the statutory requirements of Article 11.07.[8] Given these extraordinary circumstances, we

---

[7]This refers to Relator's first motion for leave to file a writ of mandamus, which we previously held in abeyance.

[8]Though the show cause order was hand delivered to the District Clerk, only the Criminal Appeals Deputy District Clerk and an Assistant Criminal District Attorney responded. Their affidavits, though appreciated, do not compensate for the lack of communication from the

think that she has not honored her ministerial duties. CODE CRIM. PROC. ANN. art. 2.21 (Vernon Supp. 2008). In order to uphold proper standards for the habeas process, we must respond.

The power to punish for contempt of court when a party fails or refuses to obey a prior order or decree is "an inherent power of a court and is an essential element of judicial independence and authority." *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980). Article 11.60 of the Code of Criminal Procedure states that an officer who (1) refuses to execute a writ of habeas corpus or, (2) who wantonly delays the service or execution of a writ of habeas corpus shall be liable to fine for contempt of court. CODE CRIM. PROC. ANN. art. 11.60 (Vernon 2005). Therefore, the District Clerk is punishable by fine, as she wantonly impaired the function of Relator's application. The maximum fine permitted by the Texas Government Code for contempt of a court other than a justice court or municipal court is $500. TEX. GOV'T CODE ANN. § 21.002 (b) (Vernon 2004).

We hold the Hidalgo County District Clerk in contempt of this Court for failing to respond in a timely manner to our orders and assess a fine of $500.

Meyers, J.

Delivered: September 16, 2009

Publish

---

District Clerk herself.