NUMBER 13-10-00048-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE ANTONIO C. MUÑOZ






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Per Curiam Memorandum Opinion (1)


 Relator, Antonio C. Muñoz, has filed a pro se petition for writ of mandamus in this
Court, complaining that the respondent, Laura Hinojosa, the District Clerk of Hidalgo
County, Texas, has not forwarded documents related to an article 11.07 writ of habeas
corpus to the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008); see also In re Escareno, 297 S.W.3d 288 (Tex. Crim. App.
2009).

 This Court does not have mandamus jurisdiction over district clerks unless it is
shown that issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't
Code Ann. § 22.221(a), (b) (Vernon 2004); In re Washington, 7 S.W.3d 181, 182 (Tex.
App.-Houston [1st Dist.] 1999, orig. proceeding); In re Coronado, 980 S.W.2d 691, 692
(Tex. App.-San Antonio 1998, orig. proceeding); see also In re Nubine, No. 13-08-507-CV,
2008 Tex. App. LEXIS 6534, at *1 (Tex. App.-Corpus Christi Aug. 27, 2008, orig.
proceeding) (per curiam) (mem. op). Moreover, while courts of appeals have mandamus
jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction
in final post-conviction felony proceedings. See Tex. Code Crim. Proc. Ann. art. 11.07 §
3 (Vernon Supp. 2008); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.-Houston [1st Dist.]
2001, orig. proceeding).

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition
for writ of mandamus is DISMISSED for want of jurisdiction. See Tex. R. App. P. 52.8(a). 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Delivered and filed the 8th

day of February, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).