# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00525-CV

### In re Jesus Colin Sanchez, Appellant

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 0961770, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this case, Jesus Sanchez has filed a writ of mandamus seeking to compel the district court clerk to transmit the district court's findings of fact and conclusions of law and "produce a copy of any affidavits in support from any parties to this case" to himself and to the court of criminal appeals. The relief requested relates to a writ of habeas corpus filed by Sanchez in the district court under article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2009). This Court has no jurisdiction over article 11.07 writ applications, which must be filed in the district court and then forwarded to the court of criminal appeals for a ruling. *Id.* art. 11.07, § 3; *see also Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (explaining that appellate court did not have jurisdiction over claims because although petition was not designated as writ of habeas corpus, relief sought amounted to habeas relief); *cf. Gibson v. Dallas County District Clerk*, 275 S.W.3d 491, 492 (Tex. Crim. App. 2009) (ordering district clerk to forward writ to court of criminal appeals). Moreover, this Court's original

jurisdiction over habeas corpus writs is limited to civil cases. *See* Tex. Gov't Code Ann. § 22.221(d) (West 2004).

Accordingly, Sanchez's writ of mandamus is dismissed for want of jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   August 27, 2010