

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,611

**VANCE EDWARD JOHNSON, Relator**

**v.**

**HARRIS COUNTY DISTRICT CLERK, Respondent**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 1031454 IN THE 184TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

**ALCALA, J., not participating.**

## O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 184th Judicial District Court of Harris County, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court.

On June 29, 2011, we held this application in abeyance and ordered the Respondent, the District Clerk of Harris County, to file a response. On August 1, we received a response. It included correspondence in which the State acknowledged receiving Relator's application on March 26, 2010. The response also included a copy of the State's proposed order designating issues, which the trial court signed on December 8, 2010.

Under Article 11.07 of the Code of Criminal Procedure, the State shall answer an application within 15 days of the date it receives a copy. TEX. CODE CRIM. PROC. art. 11.07, § 3(b). If the trial court determines that there are controverted, previously unresolved facts material to the legality of an applicant's confinement, it shall enter an order within 20 days of the expiration of the time the State is permitted to answer. Art. 11.07, § 3(d). In Relator's case, the trial court signed the State's proposed order designating issues on December 8, 2010. This order was not timely entered. "Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution." *Gibson v. Dallas County Dist. Clerk*, 275 S.W.3d 491, 492 (Tex. Crim. App. 2009).

We conditionally grant mandamus relief and direct the Respondent to immediately forward Relator's application to this Court. The writ of mandamus will issue only in the event that the Respondent fails to comply.

Filed: August 24, 2011

Do not publish