**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May 23, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00420-CR

### IN RE ALFRED HENDERSON, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1286281-A

### MEMORANDUM OPINION

On May 14, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel Chris Daniel, the District Clerk of Harris County, Texas, to transmit his application for writ of habeas corpus to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07 §3(b).

This court's power to issue writs is defined in Section 22.221 of the Texas Government Code. Section 22.221 grants the courts of appeals the authority to issue (1) writs of mandamus and other writs necessary to enforce their jurisdiction;

(2) writs of mandamus against a judge of a district or county court in the court of appeals's district; and (3) writs of habeas corpus under specifically defined circumstances involving contempt orders in civil cases. Tex. Gov't Code § 22.221.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. Ann. art. 11.07. Accordingly, the relief requested is not necessary to enforce the jurisdiction of our court. *But see Gibson v. Dallas Cnty. Dist. Clerk,* 275 S.W.3d 491 (Tex. Crim. App. 2009) (the Court of Criminal Appeals conditionally granted mandamus relief and directed the district clerk to forward the application and related records).

This proceeding is, therefore, dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).