83,925-01

IN THE COURT OF CRIMINAL APPEALS
STATE OF TEXAS

WR - 83,925 - 01

Tr.Ct.NO.D-1-DC-13-904090-A

EX PARTE,                                    §

JOSEPH WEBER

                                             §

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 22 2015
Abel Acosta, Clerk

                                             §

[ WRITTEN OBJECTION ]

To the Honorable Judges of the Court:

COMES NOW Joseph Weber,Applicant,pro se.and files this written objection
pursuant to Art.11.07 § 3 and would show:

Applicant has filed a writ of habeas corpus seeking an out-of-time-appeal
alleging he was denied assistance of counsel during the time period to file
his appeal.This allegation is true and once proven to be true will entitle
applicant to an out of time appeal and effective assistance of counsel on app-
eal.

Habeas corpus applicant was entitled to an out-of-time-appeal from judgment of
conviction,where appellate counsel rendered ineffective assistance by failing
to file a notice of appeal or otherwise prosecute the appeal.Ex Parte Faulkner
(Cr.App.2006)2006 WL 2615275,Unreported.

### STATEMENT OF FACTS

Applicant was convicted in the 331ST Judicial District Court,Travis County,
Texas.March 22,2014,after he plead not guilty and a jury sentenced him to 70
years imprisonment.He requested trial counsel to file his notice of appeal as
soon as he was advised that he had a right to appeal.However,during the time
period to perfect the appeal,he was not contacted by his attorney or any other
attorney in regards to perfecting his appeal.The time period to perfect his
appeal has long past,therefore,applicant has filed a writ of habeas corpus
seeking an out-of-time-appeal.

The State did not respond during the 15 days required and after the expira-
tion of the time allowed for the State to respond.Trial Court did not address

(1)

his application during the 20 additional days to determine whether the application contains allegations of controverted,previously unresolved facts material to the legality of applicant's confinement.Instead applicant's application was forwarded to this court(Court of Criminal Appeals).

## APPLICABLE LAW

Remand was required for factual findings,in proceedings on application for writ of habeas corpus,where District Court entered no findings of fact or conclusions of law and applicant's contention that he was denied opportunity to file an appeal,if true,might entitle him to relief.Ex Parte Mc Intyre(Cr.App.-2006)2006 WL 832452,unreported.

In Gibson V. Dallas County District Clerk,275 S.W.3d 491(Tex.Crim.App.2009) This Court Ruled:When a person files an application for writ of habeas corpus challenging final felony conviction with the clerk of the Court in which the conviction was obtained,the Clerk **shall** assign the application to that trial court and send  a copy of the application via certified mail **or** personal service to the attorney representing the State.See Art.11.07 § (b)The State has 15 days to respond to the allegations in the writ application ,after the expiration of the time allowed for the State to respond,the Trial Court is allowed an additional twenty days to determine whether the application contains allegations of controverted,previously unresolved facts material to the legality of applicant's confinement.Art.11.07 § (c).If trialcourt determines that the application for writ of habeas corpus presents such issues it"**shall**" enter an order within 20 days of the expiration of the time allowed for the State to reply,designating factual issues to be resloved". This provision is mandatory .Art.11.07 requires Trial judge to either(1)Enter an order designating contested factual issues within 35 days of the receipt of the writ application... regardless of whether the State files no response:or(2)if there is no unresolved facts to be determined,to send the application and all associated materials to the Court of Criminal Appeals.

In applicant's case the State did not respond to applicant's allegation[he was denied assistance of counsel during the time period to perfect his appeal], this is a contested factual issue to be resolved,however,the Court did not issue an order within the 20 days of the expiration of the time allowed for

the State to respond to the allegations in applicant's application presently before the court.Therefore,applicant objects to the forwarding of his application to this Court without District Court entering an order designating issues to be resolved.

[ REQUEST ]

Considering all the above applicant requests this Court to remand applicant's application back to the 331ST District Court and have that court designate issue to be resolved "was applicant denied assistance of counsel during the time period to perfect his appeal" and as required enter it's finding of facts and conclusions of law.

Executed on this the 14TH day of October,2015

Signature

DECLERATION

I Joseph Weber am the applicant.and presently being incarcerated in the Alfred Hughes Unit,declare under penalty of perjury the statements and allegations herein are true and correct.

Respectfully Submitted by:

Joseph Weber#01920395
Alfred Hughes Unit,
Rt.2 BOX 4400
Gatesville,Texas 76597