**Dismissed and Opinion Filed August 15, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00926-CV

### IN RE WOODROW RAYMOND GLOVER II, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-09-51393 / W-09-51393-W(A)**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang and Brown
Opinion by Chief Justice Wright

Relator Woodrow Raymond Glover II filed a pro se petition for writ of mandamus in this Court asking us to direct the Dallas County District Clerk to transmit a copy of his post-conviction application for writ of habeas corpus, and all related filings, to the Court of Criminal Appeals in accordance with article 11.07 of Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c). We lack jurisdiction to grant the relief requested.

We have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221; *see also In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11 .07. This includes ordering the trial court to perform the ministerial act of forwarding habeas materials to the Court of Criminal Appeals. *In re Henderson*, 14-13-00420-CR, 2013 WL 2296192, at *1 (Tex. App.—Houston

[14th Dist.] May 23, 2013, orig. proceeding) (dismissing petition for lack of jurisdiction because CCA has exclusive jurisdiction under article 11.07 and, therefore, relief requested in petition is not necessary to enforce jurisdiction of court of appeals); *see also In re Guajardo*, 03-11-00821-CV, 2012 WL 254675, at *1 (Tex. App.—Austin Jan. 25, 2012, orig. proceeding) ("As we have no jurisdiction in a habeas corpus proceeding seeking relief from a final felony conviction pursuant to article 11.07, we have no jurisdiction to issue a writ of mandamus against a district clerk in connection with such a proceeding."). Should an applicant find it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief directly from the Court of Criminal Appeals. *See, e.g., Gibson v. Dallas Cnty. Dist. Clerk*, 275 S.W.3d 491 (Tex. Crim. App. 2009) (conditionally granting mandamus relief and directing the district clerk to forward the application and related records); *see also In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

160926F.P05