

# NUMBERS 13-18-00375-CR & 13-18-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JIMMY RAY MADRIGAL

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion by Justice Benavides[1]

On July 11, 2018, Jimmy Ray Madrigal filed a pro se petition for writ of mandamus seeking to compel Zenaida Silva, the District Clerk of Bee County, Texas, to transmit copies of "motion to enter nunc pro tunc, petition for expunction of record, motion for transcript and records," and any letters relating to cause numbers R-93-2147-0-CR-B and B-93-2148-1-CR-B in the 156th District Court of Bee County, Texas to the Texas Court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

of Criminal Appeals. Relator argues that the district clerk has a ministerial duty to perform this duty pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2017 1st C.S.).[2] We dismiss these original proceedings for lack of jurisdiction.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record

---

[2] Relator's requests for relief regarding trial court cause numbers R-93-2147-0-CR-B and B-93-2148-1-CR-B were docketed respectively in our cause numbers 13-18-00375-CR and 13-18-00376-CR. In the interests of judicial efficiency, we address these original proceedings together in this memorandum opinion.

sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

Relator's petition seeks mandamus relief against the District Clerk of Bee County. However, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Further, we have no jurisdiction

3

to grant the relief requested by relator with respect to a pending Article 11.07 writ. *See Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (delineating the limited jurisdiction possessed by intermediate appellate courts pertaining to article 11.07 applications for writs of habeas corpus); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07; *In re Madrigal*, No. 11–17–00093–CR, 2017 WL 1453807, at *1 (Tex. App.—Eastland Apr. 20, 2017, orig. proceeding) (per curiam) (mem. op., not designated for publication). If an applicant finds it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief directly from the Texas Court of Criminal Appeals. *See, e.g., Benson v. Dist. Clerk*, 331 S.W.3d 431, 432–33 (Tex. Crim. App. 2011) (per curiam); *Gibson v. Dallas Cty. Dist. Clerk*, 275 S.W.3d 491, 491–92 (Tex. Crim. App. 2009) (per curiam); *see also In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).

## III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not established this Court's jurisdiction over the relief sought. Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2018.

4