**Dismissed; Opinion Filed October 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01265-CR

### CARLOS JAVIER HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F17-48267-J**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

On July 31, 2018, Carlos Javier Hernandez was sentenced to fifty years in prison for continuous sexual abuse of a young child. On October 17, 2019, appellant filed a notice of appeal in this Court along with a motion for an out of time appeal.

A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, the Court has no option other than to dismiss the appeal. *Id*. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a).

When a criminal defendant misses the deadline to file a notice of appeal following conviction, intermediate appellate courts may obtain jurisdiction only if the Texas Court of Criminal Appeals grants the defendant the ability to pursue an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (explaining that granting an out-of-time appeal "restores the pendency of the direct appeal"). To be entitled to an out-of-time appeal, the defendant must file an application for a writ of habeas corpus with the clerk of the convicting court. *In re Escareno*, 297 S.W.3d 288, 289 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 1, 3, 5. The application is then transmitted to the Texas Court of Criminal Appeals, which has sole jurisdiction to grant the relief of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 1, 3, 5; *Ater,* 802 S.W.2d at 243 ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

Here, appellant's notice of appeal was untimely, leaving us no other option than to dismiss the appeal. To the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.").

We dismiss the appeal.


/Lana Myers/
_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191265F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CARLOS JAVIER HERNANDEZ,
Appellant

No. 05-19-01265-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F17-48267-J.
Opinion delivered by Justice Myers,
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 28th day of October, 2019.