

NUMBER 13-19-00559-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ALTON DILWORTH

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Longoria[1]

Relator Alton Dilworth, proceeding pro se, filed a petition for writ of mandamus in the above cause on November 1, 2019. Through this petition, relator appears to ask this Court to issue a writ of mandamus ordering the judge of the trial court and the district clerk to process and forward relator's article 11.07 petition for writ of habeas corpus to the Texas Court of Criminal Appeals. We dismiss this original proceeding for lack of jurisdiction.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

# I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record). Relator's petition for writ of mandamus fails to meet these requirements.

# II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, §

6.     This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code.   *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding).   In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court."   *Id*. § 22.221(a).   This section also provides that we may issue writs of mandamus against specific judges, including "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals' district," a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district," or an associate judge of a district or county court appointed under the family code.   *See id*. § 22.221(b).

Relator's petition seeks mandamus relief against the District Clerk of De Witt County.   However, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose.   *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).   Further, we have no jurisdiction to grant the relief requested by relator with respect to a pending article 11.07 writ.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07*; see generally Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (delineating the limited jurisdiction possessed by intermediate appellate courts pertaining to article 11.07 applications for writs of habeas corpus); *see also In re Madrigal*, No. 11–17–00093–CR, 2017 WL 1453807, at *1 (Tex. App.—Eastland Apr. 20, 2017, orig. proceeding) (per curiam) (mem. op., not designated for publication).   If an

3

applicant finds it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief directly from the Texas Court of Criminal Appeals. *See, e.g., Benson v. Dist. Clerk*, 331 S.W.3d 431, 432–33 (Tex. Crim. App. 2011) (per curiam); *Gibson v. Dallas Cty. Dist. Clerk*, 275 S.W.3d 491, 491–92 (Tex. Crim. App. 2009) (per curiam); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding); *see also In re Provost*, No. 14-19-00374-CR, 2019 WL 2144778, at \*1 (Tex. App.—Houston [14th Dist.] May 16, 2019, orig. proceeding) (mem. op., not designated for publication).

## III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not established this Court's jurisdiction over the relief sought. Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed this
5th day of November, 2019.

4