

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

December 4, 2024

The Honorable James D. Granberry
Nueces County District Attorney
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

**Opinion No. KP-0476**

Re: Whether a district clerk may refuse to electronically file a document in a criminal case based on the district clerk's opinion that the document fails to comply with the Judicial Committee on Information Technology Standards (RQ-0543-KP)

Dear Mr. Granberry:

You ask whether a district clerk may refuse to electronically file a document in a criminal case based on the district clerk's opinion that the document fails to comply with technology standards set by the Judicial Committee on Information Technology ("JCIT").[1] You explain that electronically filed documents in criminal cases are often returned by the Nueces County district clerk's office "for technical defects, such as the misspelling of a party's name or incorrect court designation." Request Letter at 2. It is your understanding that the Nueces County district clerk's office is "refusing to file the document in the papers of the case until" the corrected documents are submitted. *Id.* You believe this practice "is contrary to the duty of the District Clerk to file documents tendered to it, and specifically violates the Texas Rules Governing Electronic Filing in Criminal Cases." *Id.* To provide context for your question, we briefly review some of the key authorities governing electronic filing in criminal cases.

Article V, section 31, of the Texas Constitution makes the Texas Supreme Court "responsible for the efficient administration of the judicial branch" and directs it to "promulgate rules of administration not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts." TEX. CONST. art. V, § 31(a). Section 31 further provides that "[t]he legislature may delegate to the Supreme Court or Court of Criminal Appeals the power to promulgate such other rules as may be prescribed by law or this Constitution, subject to such limitations and procedures as may be provided by law." *Id.* § 31(c). Accordingly, the Legislature authorized the Texas Supreme Court to "adopt rules of administration setting policies and guidelines necessary or desirable for the operation and management of the

---

[1] *See* Letter from Honorable James D. Granberry, Nueces Cnty. Dist. Att'y, to Off. of Tex. Att'y Gen., Op. Comm. at 1 (June 4, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0543KP.pdf ("Request Letter").

court system and for the efficient administration of justice." TEX. GOV'T CODE § 74.024(a). Should such proposed rules affect the administration of criminal justice, the Legislature directs the Texas Supreme Court to "request the advice of the court of criminal appeals before adopting" them. *Id.* § 74.024(b). The Legislature also authorized the Court of Criminal Appeals to adopt certain rules in criminal cases, including rules that govern "the electronic filing of briefs, pleadings, and other documents for capital cases in that court." *Id.* § 22.1095(a); *see also id.* §§ 22.108 (regarding appellate procedure), .109 (concerning evidence).

The Texas Supreme Court and the Texas Court of Criminal Appeals jointly approved Statewide Rules Governing Electronic Filing in Criminal Cases ("E-filing rules").[2] The E-filing rules contain specific mandates, and further require all electronically filed documents to "comply with the Technology Standards set by the [JCIT] and approved by the Supreme Court and the Court of Criminal Appeals." TEX. R. CRIM. E-FILING 2.2(4). The JCIT, in turn, is a legislatively created fifteen-member body selected and appointed by the chief justice of the Texas Supreme Court on the basis of "experience, expertise, or special interest in the use of technology in court." TEX. GOV'T CODE § 77.012 (b); *see also id.* § 77.011 (establishing the JCIT). State law directs the JCIT, among other things, to "develop minimum standards for an electronically based document system to provide for the flow of information within the judicial system in electronic form and recommend rules relating to the electronic filing of documents with courts." *Id.* § 77.031(5).

Both the JCIT technology standards and the E-filing rules address non-conforming documents, which is the subject of your question. *See* Request Letter at 1. The JCIT technology standards delineate the scope of a clerk's authority regarding documents tendered for filing. Section 4.8.3 of the JCIT technology standards provides that "[a] clerk must accept a document tendered for e-filing unless specifically authorized not to accept the document(s) by statute" or procedural rule for one of two listed reasons, either because: (1) the documents are filed under seal or are presented to the court in camera;[3] or (2) the filer is a vexatious litigant and has not presented an order from the local administrative judge permitting the filing.[4] TECH. STANDARDS, JUD. COMM. ON INFO. TECH., § 4.8.3 (2024). In addition to acceptance or rejection for the specified reasons, section 4.8.3 also refers to an additional option available to a clerk, which is to "return [the documents] for correction." *Id.* (noting that, "[a]bsent extraordinary circumstances, clerks must accept, return for correction, or reject documents as so authorized" within a specified period). Section 4.8.4 of the JCIT technology standards addresses the option of returning documents for correction, explaining that "[a] clerk may request a filer to correct an e-filed document only for" one of twelve specified reasons, which must be stated in the request with any supporting statutory

---

[2] Joint Order Approving Rules Governing Electronic Filing in Criminal Cases, Misc. Docket No. 15-9205 (Tex. Oct. 1, 2015), Misc. Docket No. 15-004 (Tex. Crim. App. Oct. 5, 2015), https://www.txcourts.gov/media/1104788/159205.pdf, *amended by* Joint Order Amending Statewide Rules Governing Electronic Filing in Criminal Cases, Misc. Docket No. 17-9039 (Tex. Apr. 27, 2017), Misc. Docket No. 17-005 (Tex. Crim. App. Apr. 24, 2017), https://www.txcourts.gov/media/1438082/179039.pdf; Joint Order Amending Rule 2.7, Statewide Rules Governing Electronic Filing in Criminal Cases, Misc. Docket No. 24-9030 (Tex. May 28, 2024), Misc. Docket No. 24-004 (Tex. Crim. App. May 28, 2024), https://www.txcourts.gov/media/1458615/249030.pdf.

[3] *See* TECH. STANDARDS, JUD. COMM. ON INFO. TECH., § 4.8.3 (2024) (chart citing TEX. R. CIV. P. 21(f)(4) and TEX. R. APP. P. 9.10).

[4] *See id.* (citing TEX. CIV. PRAC. & REM. CODE § 11.103).

or procedural authority. *Id.* § 4.8.4. Relevant to your request, the clerk may return the document for correction because it contains incorrect or incomplete information or because it is addressed to the wrong clerk or location. *See id.*

Rule 2.6 of the E-filing rules provides that a clerk "may not refuse a document that fails to conform to these rules." TEX. R. CRIM. E-FILING 2.6. A clerk is permitted, however, to "identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." *Id.* Commentary to Rule 2.6 provides background:

> The intent of this rule is to establish that a clerk *may not* refuse a document for any perceived violation of [the E-filing rules.] However, the rule permits a clerk the limited authority to identify errors the clerk perceives with whether a filing complies with the [JCIT] Technology Standards currently in effect. . . . The purpose of the [correction] deadline is to allow for a non-conforming document to be conformed to these rules.

*Id.* Rule 2.6 cmt. Thus, returning a non-conforming document for correction and providing a deadline for the error to be corrected does not constitute a prohibited refusal.

Indeed, section 4.8.4 of the JCIT technology standards ensures that a filer making corrections may "resubmit the filing *with the original file date* for a period not to exceed 72 hours from the time the filing is returned for correction." TECH. STANDARDS, JUD. COMM. ON INFO. TECH., § 4.8.4 (emphasis added). Courts construing language identical to e-filing Rule 2.6 in the civil context have concluded that while a clerk may not reject a filing due to formatting issues, documents resubmitted in a conforming format in accordance with a clerk's instructions are treated as having been timely filed.[5] *See, e.g.*, *Whitelock v. Stewart*, 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. denied); *Nevarez L. Firm, P.C. v. Inv. Land Servs., L.L.C.*, 610 S.W.3d 567, 570 (Tex. App.—El Paso 2020), *opinion after reinstatement of appeal*, 645 S.W.3d 870 (Tex. App.—El Paso 2022, no pet.) (explaining that "the 'chain' [is] not broken for purposes of calculating the date of filing" when a corrected filing is returned according to the clerk's instructions).

To summarize, a district clerk may not refuse an e-filed document in a criminal case based on the district clerk's opinion that the document fails to comply with JCIT technology standards. However, a clerk's return of documents for correction pursuant to e-filing Rule 2.6 and JCIT technology standard section 4.8.4 does not constitute a refusal of such documents. This conclusion is not inconsistent with a district clerk's ministerial duty in a criminal case to "receive and file all papers." TEX. CODE CRIM. PROC. art. 2.21(a)(1); *see also In re Escareno*, 297 S.W.3d 288, 292 (Tex. Crim. App. 2009) (referring to a clerk's "ministerial duties" and citing to article 2.21 of the Code of Criminal Procedure).

---

[5] *See* TEX. R. CIV. P. 21(f)(11) (providing that a "clerk may not refuse to file a document that fails to conform with this rule" but instead may "identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format").

## **S U M M A R Y**

A district clerk may not refuse an electronically filed document in a criminal case based on the district clerk's opinion that the document fails to comply with technology standards set by the Judicial Committee on Information Technology (JCIT). However, a clerk's return of documents for correction pursuant to JCIT technology standard section 4.8.4 and Rule 2.6 of the Statewide Rules Governing Electronic Filing in Criminal Cases does not constitute a refusal of such documents.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee