

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,975-01

### IN RE GIFT ESEOGHENEGBUYOTO OJIE, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 401-85078-2023 IN THE 401ST DISTRICT COURT COLLIN COUNTY

*Per curiam*.

### O P I N I O N

Relator has filed a motion for leave to file an application for a writ of mandamus pursuant to the original jurisdiction of this Court. He contends that he filed an application for a writ of habeas corpus in Collin County and that his application was not forwarded to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c) and (d); TEX. R. APP. P. 73.4(b)(5).

On October 13, 2025, we ordered the District Clerk to respond. According to the Clerk's response, the State received Relator's habeas application on July 1, 2025, and the trial court entered an order designating issues (ODI) on Oct. 3, 2025. This ODI is untimely. *See* TEX. CODE CRIM. PROC. art. 11.07, §3 (c).

The clerk's duty to forward a writ record is separate from the time lines given to a trial court

to determine if there are issues to be designated in a habeas proceeding. *See Gibson v. Dallas County Dist. Clerk,* 275 S.W.3d 491, 492 (Tex. Crim. App. 2009); *Martin v. Hamlin,* 25 S.W.3d 718, 719 (Tex. Crim. App. 2000). The time frame to forward the habeas record has passed. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c), (d). Therefore, the clerk has a ministerial duty to forward the habeas record to this Court.

We conditionally grant mandamus relief and order the District Clerk to forward Relator's habeas application. The writ of mandamus will issue only if the District Clerk fails to comply within thirty days of the date of this opinion.

Filed: November 20, 2025
Do not publish